NICHOLS, respondent, *v.* DOBBINS, appellant.

PLEADING — *complaint for trespass by cattle.*   N. sued D. for damages caused by D.'s cattle, which broke and entered N.'s premises while they were roaming at large.   The complaint alleged that the premises were inclosed by a good and substantial fence " eight and nine rails high," but did not allege that the fence was lawful.   *Held,* that the complaint should not contain a legal conclusion, that the fence was lawful, and that the plaintiff could prove the kind and character of the fence.   *Held,* also, that the allegation concerning the roaming of the cattle is immaterial.

SAME — *waiver of uncertainty in name.* The complaint did not state the Christian name of N. D. answered and admitted that N. was in the possession of the premises when the alleged trespass was committed. *Held,* that D. waived his right to raise the question in this court that the complaint is uncertain in stating the name of N.

### *Appeal from Second District, Missoula County.*

THE motion for a new trial was overruled by KNOWLES, J.

W. J. McCORMICK and JOHNSTON & TOOLE, for appellant.

The complaint does not state facts sufficient to constitute a cause of action. The initial, not the full name, of plaintiff is stated. *Wiebbold* v. *Hermann, post,* 609.

The complaint claims damages because appellant permitted his cattle to roam at large and break through respondent's fence and injure his crop. Appellant was not guilty of negligence in allowing his cattle to roam at large; this was his right. Appellant is not liable for damages done by cattle while roaming at large. *Smith* v. *Williams, ante,* 195, and cases cited.

Respondent claims damages as a statutory right. His complaint should aver that the crop was inclosed by a lawful fence. *Dye* v. *Dye,* 11 Cal. 163. If not so inclosed respondent cannot recover unless the trespass was willful or wanton. *Larkin* v. *Taylor,* 5 Kan. 433; *Soper* v. *Harvard College,* 1 Pick. 177.

Ultimate facts should be stated, so that the court could determine if respondent's fence was lawful. Hilliard's Rem. for Torts, 235, n.; *Drowne* v. *Stimpson,* 2 Mass. 444. Complaint does not aver a wrongful or unlawful breaking of his fence.

W. J. STEPHENS, for respondent.

There are no exceptions properly saved and no statement of evidence. The material allegation of complaint is that the crop was within the inclosure described. The answer admits this allegation by not denying it. The answer does not deny that any cattle of respondent broke the fence. The actual damages by the cattle cannot be ascertained without a statement of the evidence, which is not in the record.

WADE, C. J. This is an appeal from an order overruling a motion for a new trial. There is only one exception in the record and that was not properly saved. The transcript contains the complaint and a demurrer thereto, which does not appear to have been acted on by the court; the answer; the instructions to which there were no exceptions; the verdict and judgment; the motion for a new trial and order overruling the same, to which the appellant excepted but filed no bill of exceptions. There is no evidence in the record, and the grounds of the motion for a new trial, that "the evidence was insufficient to support the verdict, and excessive damages appearing to have been given under the influence of prejudice," must necessarily fail. And upon the ground "that the verdict is against law," owing to the condition of the record, we can only look into the complaint to ascertain if it contains a cause of action. This may be done at any stage of the case.

The action is trespass, and the respondent alleges that, at and prior to the commencement of the action, he was in the possession of a certain tract of land, upon which certain valuable crops were growing; that the land was inclosed by a good and substantial fence, eight and nine rails high; and that the appellant was the owner of certain cattle, which, being permitted to roam at large, broke the fence of respondent and entered his inclosure and destroyed his crops.

The appellant contends that this complaint contains two distinct trespasses in one count, viz., permitting the cattle to run at large, and breaking and entering the inclosure. The argument overturns the first cause by declaring that appellant's cattle had the right to roam at large, which is probably true. The court is left with the other cause of action, which is undoubtedly good. Immaterial matter in a complaint does not vitiate it, if a good cause of action is alleged.

The next objection is that the complaint does not aver that the land of the respondent was inclosed with a lawful fence. Such an averment would be a mere conclusion of law, and courts are generally asked to cause such averments to be stricken from pleadings, instead of requiring them to be inserted. The averment in the complaint authorizes proof of the kind and character of the

fence which inclosed the land; and whether or not it is lawful is a question of law for the court under the evidence.

The third argument is, that, as the cattle committed this trespass while in the exercise of a lawful right, roaming at large, the breaking of the respondent's inclosure is no trespass. As well might it be said that, because a man has the right to walk the streets in the night season, he could not commit a burglary.

Another objection is that the complaint is uncertain because the Christian name of the respondent does not appear therein. We hold that the appellant waived this objection by answering, and thus recognizing the respondent by the name in which he brings this action. The respondent is further recognized and identified by the admission, in the answer, that he was in the possession of the inclosure described in the complaint at the date of the alleged trespass. It is too late to raise this objection to the complaint after answering, and it cannot be presented for the first time to this court after the verdict and appeal. In the case of *Wiebbold* v. *Hermann, post,* 609, we held that the failure to set forth the Christian name of the plaintiff rendered the complaint uncertain. But this uncertainty must be taken advantage of by demurrer, or " the defendant shall be deemed to have waived the same." Civ. Pr. Act, § 55.

*Judgment affirmed.*