WIEBBOLD, respondent, v. HERMANN, appellant.

2    609
2    543
3    154
5    232

PLEADING — *christian names of parties in complaint.* The respondent, by the
   name of H. C. Wiebbold, commenced this action to foreclose a mortgage
   executed by the appellants. The appellants demurred to the complaint
   on the ground that the christian name of the respondent did not appear
   therein. The demurrer was overruled, and a judgment was entered for
   the respondent upon the failure of the appellants to answer. The forty-
   ninth section of the Civil Practice Act provides that the complaint shall
   contain " the name of the parties to the action, plaintiff and defendant "
   *Held*, that H. C. Wiebbold is not a legal name, and that the christian
   name of said Wiebbold must be stated in the complaint. *Held*, also, that
   the omission of the respondent to set forth in the complaint his chris-
   tian name, rendered the pleading defective for uncertainty, and the judg-
   ment entered thereon is void.

*Appeal from Second District, Deer Lodge County.*

KNOWLES, J., overruled the demurrer, and rendered the judg-
ment appealed from.

CLAGETT & DIXON, for appellant.

SHARP & NAPTON, for respondent.

WADE, C. J. This was an action to foreclose a mortgage.
The defendants demurred to the complaint upon the ground that
it was insufficient and uncertain in this, that the christian name
of the plaintiff did not appear in the complaint, and therefore
that it did not comply with the requirements of the Practice Act
in stating the names of the parties to the action. The demurrer
was overruled, and this action of the court is assigned as error.
Our statute requires that the complaint shall state the names of
the parties, plaintiff and defendant. The object of this require-
ment is to impart certainty to judgments and other judicial pro-
ceedings where rights have been determined and adjudicated by
the action. How shall the identity of the parties be established?
How shall they be estopped? Certainly not while there is doubt
as to their names and identity, or as to whose rights have been
concluded by the action. Hence the requirement that the com-
plaint shall contain the names of the parties. What is a name?

In law men are known by their christian or baptismal names, and not by the initial letter thereof. 7 Bac. Abr. 7, title Misnomer; *Keene* v. *Meade*, 3 Pet. 1; *Gaines* v. *Stiles*, 14 id. 327; *Grant* v. *Nayler*, 4 Cranch, 224; *Franklin* v. *Talmadge*, 5 Johns. 84; *Crafts* v. *Stiles*, 4 Gray, 194; *Garwood* v. *Hastings*, 38 Cal. 222.

It is not material how this doctrine became engrafted into the law, or the reasons for it, so long as we find it so thoroughly and conclusively established. That its foundation rests in a religious right or ceremony cannot be doubted. But this consideration is of no moment whatever. The question before us is one of law and not of religion, and though many principles of the law may have had their origin in the religious observances of our ancestors, and though the religious significance of the principle may have entirely passed away and become obsolete, yet the law remains, and, when a long course of decisions has established and defined a principle, we are not at liberty to disregard or impair it.

Pleadings must be made certain and definite. Their object is to define rights and to define and identify the person to whom such rights belong and attach. If a person acquires a right or incurs an obligation in a name not his own, he must help his true name by averment, to the end that there shall be no uncertainty as to the adjudication or who is affected by it. If he fails in this and sues in the wrong name, the judgment is uncertain. Actions should be so commenced and judgments so rendered, that a second suit would not become necessary to determine whose rights were adjudicated by the first action. The designation, H. C. Wiebbold, does not import certainty. In the law, it is not a name. No one would contend that the designation, Wiebbold, alone, unaided by averment, answered the requirements of the statute as to the names of the parties to an action. Its uncertainty would vitiate the complaint. It would not identify the party. A judgment for the plaintiff by such a designation would do him no good. It would be void for uncertainty, as would a judgment for the possession of a parcel of land without any description or boundary. The use of the letters, H. C., does not help the matter. H. C. is not a name; but, assuming that they are the initial letters of the christian name, yet they may represent a hundred dif-

ferent names.  *Haines* v. *Smith*, 43 N. Y. 775 ; *People* v. *Furguson*, 8 Cow. 102.  The complaint should state the full christian names of the parties.  Moak's Van Santvoord's Pl. 155.  ·The omission of the first names of persons in pleadings, unless excused by averment, makes the pleadings indefinite and uncertain.  Voorhies' Code (ed. 1870), 248, and authorities there cited.  The original writ and declaration must both set forth accurately the names of both parties.  The plaintiff must be described by his christian name and surname.  Steph. Pl. 284–5 ; 1 Ch. Pl. 256, and note, N. Y. Sup. Ct. R. ; *Frank* v. *Levie*, 5 Robt. 599.

These authorities are sufficient to show that the omission of the christian name of the parties in pleadings renders them defective for uncertainty.  Who brings the action and against whom ? The law permits no uncertainty in this.  What has been once adjudicated between the same parties shall not be again litigated.  Hence the necessity of identifying the parties.  This is not a technicality.  It is a rule of certainty.  The identity of the plaintiff and defendant lies at the very foundation of certainty and safety in judicial proceedings.  A failure in this regard would engender a multiplicity of suits to cure the defect.  And there is no excuse for uncertainty in a matter so easily rendered certain. A person having a name by which he is known and identified from every other person coming into court, and asking to have a right adjudicated, has no possible reason for not using the name. If he brings his action upon an instrument wherein he is designated by the initial letters of his name or otherwise, not his true name, he must help his true name by averment and proof.  The fact that in several of the States special statutes have been enacted authorizing a person to bring an action by the use of the initial letters of his christian name, when so named in the instrument upon which he sues, and also that within the present century a similar statute has been enacted by the British parliament, adds much force to the conclusion that in the absence of any such statute a party to an action must be designated by the use of his christian name, or, if suing upon an instrument wherein he is designated by initial letters of his christian name, that such name must be aided by averment and proof as to the true name and who is intended thereby.

In the case of *Jones' Estate*, 27 Penn. 336, relied upon by the respondent to show that a judgment rendered against a person as A. Jones was good and valid, and therefore that such a designation in pleading is a sufficient description of a party, is in harmony with the doctrine herein expressed. In that case there was proof to show that by A. Jones, Abel Jones was intended, and by this proof, and not otherwise, was the judgment rendered certain and upheld. The case of *Commonwealth* v. *Gleason*, 110 Mass. 66, is not in point. In that case there was a motion to quash the indictment because it was indorsed "A. Burbank, foreman," the christian name not being used. Here the person making the indorsement, besides the name used, was further designated as "foreman." The indorsement by the foreman was the material matter, and what else he called himself besides foreman was wholly immaterial so long as the indorsement was shown to be by the foreman. No reason is given for the decision, and the statute of Massachusetts, as to the indorsement of the instrument, is not before us. If the record of the court, as it probably did, disclosed the true name of the foreman, then the indorsement by the initial letters of his first name would have been sufficient. 1 Bish. Cr. Proc., § 139, and cases there cited.

The demurrer to the complaint should have been sustained. The judgment is reversed and cause remanded.

*Judgment reversed.*

KNOWLES, J., concurred.

BLAKE, J., dissenting. I am compelled to dissent from the judgment entered in this case. I think that the opinion of the court rests upon the assumption of the facts, that the respondent has a christian name, and that the letters H. and C. are the initials of his christian names. These facts do not appear upon the face of the complaint, and the appellants cannot specify by a demurrer these grounds of their objections to the complaint. Civ. Pr. Act, § 50. These objections should have been taken by an answer. Civ. Pr. Act, § 54. This view has been discarded by the court, and I wish to express my opinion upon the merits of the questions which have been raised by the demurrer.

The complaint must contain the names of the parties to the action. I claim that respondent has complied with this provision

of the Civil Practice Act by describing in his complaint the plaintiff and defendants, so that all the parties can be identified.    The facts which are stated in the complaint effect this object, which is · the result of good pleading.    There can be no uncertainty respecting the identity of the respondent, and no other allegation of the name of the respondent can affect the substantial rights of any of the parties.    The appellants, by the filing of their demurrer, admit that they borrowed a large sum of money of the respondent, and made and delivered to him their promissory notes and a mortgage upon certain real property, which constitute the subject-matter of this action.    It is also admitted that the notes remain unpaid, and the appellants, under their hands and seals, knew and designated the respondent by the name in which he commenced this suit.    I am unable to see in what manner the substantial rights of the appellants have been prejudiced by the alleged omission of the respondent to set forth his christian name in the complaint.

I concede that the rules of sound pleading usually require the description of the parties to actions by their proper names when they are known.    I am aware of the strictness which has prevailed concerning the matter, before the adoption of a practice act similar to that of this Territory.    "The plaintiff must be described by his christian name and surname; and, if either be mistaken or omitted, it is ground for plea in abatement."    Steph. Pl. 352; 1 Ch. Pl (9th Am. ed.) 256, n. 1.    If either party had a name of dignity, he must be described accordingly.    The same reasons required the insertion in the complaint of the christian name of the plaintiff and his "name of dignity."    These rules of the common law have been abolished by our Civil Practice Act, which says nothing about the christian names of parties to actions, or their dignities.    The following sections establish the principles of interpreting the complaint of the respondent.    " In the construction of a pleading for the purpose of determining its effects, its allegations shall be liberally construed with a view to substantial justice between the parties."    Civ. Pr. Act, § 78.    " The courts shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties; and no judgment shall be re-

versed or affected by reason of such error or defect." Civ. Pr. Act, § 79.

In *Nelson* v. *Highland*, 13 Cal. 74, the complaint averred that " Thomas Nelson and —— Doble, whose christian name is un known," etc., and the defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties because the christian name of Doble was not given. The demurrer was sustained, the plaintiffs refused to amend their complaint, and the plaintiffs appealed from the final judgment which was rendered. Mr. Justice BALDWIN delivered the opinion of the court, and said : " We do not think it was a good ground of demurrer that the christian name of one of the plaintiffs does not appear in the record. We cannot judicially know that one of the plaintiffs had either a christian or heathen name, or that it is necessarily untrue that he has forgotten it if he had. Judgment reversed and cause remanded."

In *Commonwealth* v. *Gleason*, 110 Mass. 66, an indictment was signed, "A true bill, A. Burbank, foreman." The defendant moved to quash the indictment, on the ground that the proper and legal name of the foreman was not signed thereto. The motion was overruled, and the court held that " if we assume that the signature contains only the initial letter of his christian name, it is sufficient."

A consonant may be presumed to be an entire christian name as well as a vowel. *Tweedy* v. *Jarvis*, 27 Conn. 42. In *Quarles* v. *Collier*, 3 Strobh. (S. C.) 223, the plaintiff declared upon a promissory note as payable to herself, and her name in the note was expressed by the initials of her two christian names and the whole of her surname. It was held that her name thus written, accompanied by her possession of the note, was *prima facie* evidence of identity.

The argument in support of the opinion is based upon the ground that the complaint is ambiguous and uncertain, but the conclusion is, that the complaint does not state facts sufficient to constitute a cause of action. This objection, if not taken by demurrer or answer, is deemed waived. Civ. Pr. Act, § 55. A complaint, which is ambiguous and uncertain, will uphold a judg-

ment, if it states sufficient facts to constitute a cause of action and the court has jurisdiction. If I understand the opinion, the error or defect complained of must be governed by the seventy-ninth section of the Civil Practice Act, *supra*, and the judgment cannot be reversed or affected by it.

The rule, which has been announced, appears to be in conflict with that held by this court in *Kemp* v. *McCormick*, 1 Mon. 420. The opinion in this case says: "It is sufficient to describe a party to an action by any known and accepted abbreviation of his christian name, and that the defendant, having signed his name to the note in question with such abbreviation, is now estopped from denying it." The doctrine of estoppel is also applicable to the case at bar. We have seen that the appellants signed the notes and mortgage in which the respondent is described by the same name which appears in the complaint. I do not think that the appellants can now deny that H. C. Wiebbold is the name of the respondent.