JAMES BOYD, appellant, *v.* PLATNER ET AL., respondents.

DEFECT IN NAMES OF PARTIES — *How taken advantage of.*— The only method of taking advantage of the defect of names of parties to an action at law is by demurrer to the pleading. It cannot be raised in the appellate court for the first time. *Wiebold* v. *Herman,* 2 Mont. 609; and *Nichols* v. *Dobbins,* 2 Mont. 540, considered and distinguished.

*Reviving a judgment — Limits of court's authority.*— The law authorizing the issue of execution on judgment after five years (R. S. sec. 813, Code Civ. Proc.) limits the exercise of the power to a compliance with statute, and grants no power to modify the judgment, or the record on which it was based. An attempt to do so is acting without jurisdiction, and is so far void.

*Appeal from First District, Madison County.*

J. E. CALLAWAY, for appellant.

The demurrer confesses all of the material allegations contained in the complaint.

The demurrer admits that the plaintiff in the suit of *E. Creighton & Co.* v. *Robert Hedges et al.,* in the original proceeding in the probate court, was not, and is not,

a corporation under the laws of the territory of Montana or elsewhere.

In order to maintain an action the party plaintiff must have a legal capacity to sue. Said original action was commenced September 5, A. D. 1870. The Code of Civil Procedure then in force (sec. 4, p. 136, 4th Sess. 1867) says: "Every action shall be prosecuted in the *name* of the real party in interest." . . . (2) The complaint shall contain: . . . "The names of the parties to the action, plaintiff and defendant."

Is or was "E. Creighton & Co." the name of a person? The demurrer admits it was not a corporation. "In law men are known by their christian or baptismal names and not by the initial letter thereof." *Wiebold* v. *Herman*, 2 Mont. 609, and the authorities there cited.

"Pleadings must be made certain and definite. . . . If he fails in this and sues in the wrong name, the judgment is uncertain. . . . Its uncertainty would vitiate the complaint. It would not identify the party. It would be void for uncertainty, as would a judgment for the possession of a parcel of land without any description or boundary." . . . The complaint should state the full christian names of the parties. . . . "The plaintiff must be described by his christian name and surname." Id. pp. 610, 611, and authorities there cited.

If the judgment in the original case was void for uncertainty, no attempt to revive same would be valid. The defect could not be cured. A void judgment cannot be enforced. It can be attacked at any time directly or collaterally.

The plaintiff in the original suit should have instituted suit in the christian or surname of such plaintiff, or by its corporate name. There is no other way, style or title by which a plaintiff can maintain an action, except by express provision of law. A judgment rendered by a court not having jurisdiction of the parties and of the subject-matter is void. *Dorsey* v. *Kendall*, 8 Bush (Ky.), 294;

*Starbuck* v. *Murray,* 5 Wend. 148; *Sears* v. *Terry,* 26 Conn. 273.

If the plaintiff had no legal capacity to sue, then the court acquired no "jurisdiction of the parties," and said judgment was void. The attempted proceeding to revive said judgment was illegal and void. The only remedy left plaintiff in this cause was by bill in equity to enjoin the enforcement of said alleged judgment.

HENRY N. BLAKE, for respondents.

1. The transcript on appeal shows that appellant was personally served with process in the action commenced in the probate court against him and others by E. Creighton & Co.; that appellant personally appeared and answered the complaint therein; and that a judgment was entered against appellant and others after a trial. Respondents claim that appellant waived all irregularities in the names of said E. Creighton & Co., by proceeding to a trial upon the merits without demurring or otherwise pleading. *Nichols* v. *Dobbins,* 2 Mont. 540; *Barnes* v. *Perine,* 9 Barb. 202, 206; *Porter* v. *Cresson,* 10 Serg. & R. 257; *Gilman* v. *Cosgrove,* 22 Cal. 356; *Campbell* v. *Adams,* 50 Cal. 203; *McCreery* v. *Everding,* 54 Cal. 168; Freeman on Judgments (2d ed.), sec. 154.

2. The amendment of the judgment by inserting the names of surviving partners was not opposed by appellant and was proper. *Mulliken* v. *Hull,* 5 Cal. 245; *Comanche M. Co.* v. *Rumley,* 1 Mont. 201; *Swain* v. *Naglee,* 19 Cal. 127; *Leviston* v. *Swan,* 33 Cal. 480; *Rousset* v. *Boyle,* 45 Cal. 64; *Schroeder's Estate,* 46 Cal. 305; *Baldwin* v. *Bornheimer,* 48 Cal. 433; *Beatty* v. *Dixon,* 56 Cal. 619; *Sheldon* v. *Gunn,* 57 Cal. 40; Freeman on Judgments (2d ed.), sec. 71.

3. This action to annul the judgment must be brought before the court which entered it, to wit, the probate court. *Stevenson* v. *Weber,* 29 La. Ann. 105, cited in 9 U. S. Dig. (New Ser.) p. 444, sec. 243; *Olney* v. *Boyd,* 50

Ill. 453; *Freeman* v. *Carter*, 9 Kan. 678; Freeman on Judgments (2d ed.), sec. 98.

4. The judgment originally entered in favor of E. Creighton & Co. was not a nullity. It was good in any case in favor of E. Creighton. See authorities above cited, and *Gilman* v. *Cosgrove*, 22 Cal. 356, particularly.

GALBRAITH, J. This action was brought by the appellant to restrain one of the defendants, the sheriff of Madison county, from making and delivering a deed for certain real property sold by him under an execution, and also to stay further proceedings under the judgment on which the execution issued, and that the judgment itself be declared null and void. The complaint alleges, in substance, that on the 5th day of September, 1870, a certain action was begun in the probate court of Madison county, Montana territory, entitled E. Creighton & Co., plaintiffs, against Robert Hedges, James Boyd and A. S. Potter, defendants. That on the 19th of September, 1870, the probate court rendered and entered a judgment in favor of E. Creighton & Co. and against said Hedges, Boyd and Potter, for the sum of $429, and costs of suit. That on the 15th day of December, 1879, Edward Creighton, John A. Creighton and Patrick A. Largey filed in the same court a certain paper, entitled in their names and against said defendants, appearing from its contents to have been a notice that on the 15th day of January, 1880, or as soon thereafter as counsel could be heard, they would apply to the court for an order reviving the said judgment, and for leave to issue an execution thereon, and that it be issued in the name and favor of John A. Creighton and Patrick A. Largey, surviving partners of E. Creighton & Co. This was signed by John A. Creighton and Patrick A. Largey, "surviving partners of firm of E. Creighton & Co., by Samuel Word, their attorney." That an affidavit to revive judgment, and notice that Patrick A. Largey and John A. Creighton were partners

with Edward Creighton, and composed the firm of E. Creighton & Co., was filed the same day. That on the 20th day of January, 1880, after a hearing "upon the motion of the plaintiffs for leave of court to issue an execution upon the judgment," the said court made and entered an order on the case now entitled "Edward Creighton, John A. Creighton and Patrick A. Largey, plaintiffs, v. Robert Hedges, James Boyd and Anson Potter, defendants." That plaintiffs have an execution upon said judgment against the defendants, James Boyd and Robert Hedges, these being the defendants served with the above notice. That afterwards, at the instance of Patrick A. Largey and John A. Creighton, a certified transcript of said judgment was filed with the clerk of the district court of Madison county, and was docketed in the manner prescribed by law, and an execution issued thereon directed to Marshall D. Platner, sheriff of Madison county, who, in obedience thereto, levied upon certain real property of the appellant James Boyd, and sold the same to Patrick A. Largey, one of the respondents. It was further alleged that the judgment rendered in the probate court in favor of E. Creighton & Co., and against Robert Hedges, James Boyd and M. D. Platner, was null and void for uncertainty, in this, that neither the christian name of the said E. Creighton, nor of any one of the company, is given, set forth or mentioned in said action. That E. Creighton & Co. was a company and copartnership at the time said action was instituted, and not a corporation. That more than six years had elapsed since the rendition of said judgment and the date of the proceeding to revive the same, and that in the mean time no property of the defendants was sold under an execution issued by virtue of said judgment. That before the revival of the judgment, Edward Creighton had died, and that no one had been appointed to administer upon his estate, nor had he any executor or legal representative. That unless restrained, Marshall D.

Platner, sheriff of Madison county, will execute and deliver to Patrick A. Largey a deed for the real property sold by him as above stated, which, if done, will cast a cloud upon the title of plaintiff. The prayer of the complaint was for an injunction *pendente lite.* That upon the final hearing, the sheriff be perpetually enjoined from making or delivering a deed of the property so sold, or any part thereof, to Patrick A. Largey, and that the said Patrick A. Largey and John A. Creighton, their agents, attorneys and legal representatives, and also as the legal representatives and surviving partners of the firm of E. Creighton & Co., be perpetually restrained from taking any action or proceeding under said judgment of E. Creighton & Co., and that said judgment be declared null, void and of no effect.

On the 2d day of November, 1881, an order was made by the judge at chambers enjoining the sheriff from making or delivering a deed for the said property until the further order of the court. The grounds of demurrer were that the complaint did not state facts to constitute a cause of action. The court sustained the demurrer; and the appellant abiding his complaint, judgment was rendered dismissing the action and dissolving the preliminary injunction, and for the defendants for costs.

The only question presented to the court by the argument of the appellant relates to the legality of the proceedings and judgment in the original action of E. Creighton & Co. in the probate court. The law requires that the " action " should "be prosecuted in the name of the real party in interest, and that the complaint should contain the name of the parties to the action, plaintiff and defendant." There was no statute providing that a suit might be brought in a firm or copartnership name. E. Creighton & Co. was not the name of a person. The record shows it to have been the name of a company or copartnership. But it may be assumed that E. Creighton was the name of one of an association of persons consti-

tuting a partnership whose name was E. Creighton &
Co. The defendant should therefore have demurred to
the complaint for a defect of parties. *A. M. Gilman &
Co.* v. *Cosgrove,* 22 Cal. 357.

But it is further claimed that E. Creighton is not a
legal name, and that the christian name of Creighton
should have been stated in the complaint in the original
action in the probate court, and the judgment rendered
in the case is therefore void for uncertainty. Reliance
for this position is had upon the case of *Wiebold* v. *Her-
man,* 2 Mont. 609. It is true that in this case the major-
ity of the supreme court so held. But the question there
came before the court on the overruling of a demurrer
to the complaint, on the ground that the christian name
of the plaintiff did not appear therein. The bearing of
such a defect upon the judgment, when no objection had
been made to the complaint on that ground at the proper
time, was not before the court, and so far as the effect
on the judgment was concerned, the language of the
court was *obiter dictum.* The same question came be-
fore the court at the same term in the case of *Nichols* v.
*Dobbins,* 2 Mont. 540, on an appeal from an order over-
ruling a motion for a new trial, when the objection came
too late, being taken after answer, and it was held by
the court, the same judge, Wade, C. J., delivering the
opinion, who had rendered the opinion in *Wiebold* v.
*Herman,* "that the appellant waived this objection by
answering, thus recognizing the respondent by the name
in which he brings this action." The court say that it
is too late to raise this objection to the complaint after
answering, and it cannot be presented for the first time
to the court after the verdict and appeal. In the case of
*Wiebold* v. *Herman,* we held that the failure to set forth
the christian name of the plaintiff rendered the com-
plaint uncertain. But this uncertainty must be taken
advantage of by demurrer, or "the defendant shall be
deemed to have waived the same." Code of Civ. Proc.

sec. 86.  In the case at bar no such objection was ever made, and it is now too late to urge it in this application to stay proceedings at law, and to nullify the judgment.

The argument presented to this court by the appellant not only raises the above question, but as this is an appeal from an order sustaining a demurrer, and a judgment for the respondents in consequence thereof, the whole question is therefore properly before us of the sufficiency of the complaint to warrant the relief demanded.

The law relative to issuing executions on judgments after five years from the entry thereof, contained in the Revised Statutes, sec. 813, Code of Civil Procedure, limits the court to the exercise of this power alone upon compliance with its provisions, and grants no authority to modify the judgment in any way whatever, or to change the record upon which it was obtained.  "As a general rule, no final judgment can be amended after the term at which it was rendered."  Freeman on Judgments, sec. 70.  There are exceptions to this rule, as, for example, where the judgment can be amended by the record, as in the case of corrections of mere clerical errors or omissions by the clerk, which may be made so as to conform the record to the truth.  But the application that the execution issue in the name and favor of John A. Creighton and Patrick A. Largey was not based upon any of the above grounds, but simply upon the fact that they were the surviving partners of E. Creighton & Co. The only foundation for the order authorizing the issue of an execution in their favor, the effect of which, if it had any at all, was to make them parties plaintiff to the action, was an affidavit made at the time, being more than six years after the rendition of the judgment, in substance that the above persons were, at the time of the rendition thereof, partners with Edward Creighton, under the firm name of E. Creighton & Co.  We think that at this time, upon this showing, the probate court had no power to make the above order, so far as P. A. Largey

and John A. Creighton were concerned, for want of jurisdiction. The record shows that at this time E. Creighton was deceased, and the application for a revival of the judgment was not made by an administrator or other legal representative of the estate, nor was there ever a suggestion of his death upon the record, or the substitution of such administrator or other legal representative. Under these circumstances, the order could not have the effect to revive the judgment, or to authorize the issue of an execution. At the time, therefore, that the transcript of the judgment was entered in the district court, it was dormant, and was so at the time the execution was issued under which the sale of the real property was made, the delivery of a deed for which was asked to be enjoined in this proceeding. A dormant judgment is not a lien against real estate.

Our conclusion, therefore, is that the judgment was only in favor of E. Creighton; that there was no revival thereof; that the filing thereof in the district court did not make it a lien against real estate, and an execution could not issue thereon.

The judgment is reversed, and the preliminary injunction continued in force until proceedings are had in accordance with this opinion.

*Judgment reversed.*