[No. 8731.   Department One. — November 19, 1885.]

## LAKE COUNTY, Respondent, *v.* SULPHUR BANK QUICKSILVER MINING COMPANY, Appellant.

Taxation — Assessment. — An assessment for the purpose of taxation was made to "Sulphur Bank Quicksilver Mining Company, F. Fiedler, agent": *held*, that this was sufficient to indicate that the assessment was to the Sulphur Bank Quicksilver Mining Company.

Id. — Mining Company — Superintendent — Statement — Estoppel. — For the purposes of sections 3629 and 3630 of the Political Code, the superintendent of a mining company is equivalent to the managing agent, and may be required to furnish the assessor with a list of the property of the company for taxation, and where the description of the property in the assessment is taken from such list, the company will be estopped, in an action to collect the tax, from questioning the sufficiency of the description.

Id. —Delinquent Taxes — Action to Recover — Interest — Form of Judgment. — *Lake County* v. *Sulphur Bank Quicksilver Mining Company,* 66 Cal. 17, approved as to the points that section 3803 of the Political Code, allowing interest at the rate of two per cent per month, applies only to the delinquent taxes mentioned in the sections immediately preceding, which remain unpaid until the third Monday of March, and that the judgment should distinguish between the amounts due the state and county respectively.

Appeal from a judgment of the Superior Court of the county of Lake, and from an order refusing a new trial.

Action to recover state and county taxes alleged to be due for the fiscal year 1881–82, with five per cent penalty, and interest at the rate of two per cent per month from December 27, 1881. The remaining facts are stated in the opinion of the court.

*Julius C. McCeney,* and *Eugene W Britt.* for Appellant.

*R. W. Crump,* for Respondent.

Ross, J.—1. The assessment put in evidence shows property assessed to " Sulphur Bank Quicksilver Mining Company, F. Fiedler, agent." It is contended for the appellant that from this it cannot be told whether the assessment is to the mining company, or to F. Fiedler, or to agent. We think there is nothing in the point. If the same question was put to any one with ordinary sense in the business walks of life, he would have no difficulty in understanding that the assessment was to the Sulphur Bank Quicksilver Mining Company, and that the reference to F. Fiedler, agent, was only to him as agent of the company. We think the same common-sense view should be taken by the judges.

2. It is insisted that certain of the descriptions of real property found in the assessment are radically defective. But all of the descriptions were taken by the assessor from a list furnished him by Fiedler, who was the superintendent of the defendant company. It is said, however, that the statute (Pol. Code, secs. 3629, 3630) requires that the statement of the property of a corporation must be made by its president, secretary, cashier, or managing agent, and that Fiedler was neither of these; that he was only *superintendent,* and therefore not authorized to furnish the list to the assessor. The only difference we can see between the "managing agent" and "superintendent" of a mining company is one of name. We therefore conclude that he was not only authorized, but required, upon demand, to furnish the assessor with a list of the property of the company of which he was superintendent;

and that the company is estopped from questioning the sufficiency of the description so furnished in an action to collect the tax. · (*City and County of San Francisco* v. *Flood*, 64 Cal. 504; *People* v. *S. & C. R. R. Co.*, 49 Cal. 415.)

These views dispose of such points in the present case requiring special notice as are not covered by the decision in the case of the same title, No. 8057, and filed October 10, 1884. (66 Cal. 17.) In that case, it was determined that section 3803 of the Political Code refers to the "delinquent taxes" mentioned in the sections immediately preceding; and which remain unpaid until the third Monday of March. In so far, therefore, as the judgment appealed from allows interest on the amount of taxes at the rate of two per cent per month, it is erroneous. The judgment is also irregular in that it is for a gross sum, not distinguishing between the amounts due the state and county respectively. (*Lake Co.* v. *S. B. M. Co.*, supra; *Sacramento* v. *C. P. R. R. Co.*, 10 Pac. C. L. J. 315.) In all other respects the judgment is right. And as the errors can be corrected without a new trial, it is here adjudged that the cause be, and hereby is, remanded, with directions to the court below to modify the judgment in the particulars indicated, and as so modified it will stand affirmed.

McKEE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.