[Nos. 9973 and 11079.   Department Two. — May 25, 1888.]

# THE PEOPLE OF THE STATE OF CALIFORNIA EX REL. ATTORNEY-GENERAL *v.* CHRISTIAN REIS, TREASURER, AND WILLIAM M. EDGAR, AUDITOR, OF THE CITY AND COUNTY OF SAN FRANCISCO, AND THE SAN FRANCISCO GAS-LIGHT COMPANY, INTERVENOR. — CROSS-APPEALS.

DELINQUENT TAXES — INTEREST DUE TO STATE. — The provision of section 3803 of the Political Code, for the collection of interest upon delinquent taxes at the rate of two per cent per month from the time they were first delinquent until paid, applies to all delinquent taxes, including such as are due to the state as well as those which are due to the counties, or the city and county of San Francisco. The interest upon delinquent taxes due to the state belongs to the state.

INTERVENTION — APPEAL — OBJECTION FOR FIRST TIME. — An objection that an intervenor had no right to intervene by reason of the insufficiency of the facts stated in the complaint of intervention cannot be raised upon appeal for the first time, after trial is had upon issues joined thereon without objection in the court below.

ID. — JUDGMENT WHEN NOT APPEALABLE. — A judgment in favor of an intervenor, against the defendant, will not be reversed upon appeal of the plaintiff, if the plaintiff is not aggrieved by the judgment. The state, in a suit to recover interest on delinquent taxes from the treasurer of the city and county of San Francisco, is not aggrieved by a judgment in favor of a gas-light company as intervenor, for indebtedness incurred by the city and county for gas, which is payable out of the income and money provided to pay the indebtedness and liabilities of said city and county for the current year, and such judgment will not be reversed on appeal of the state, for the reason that the money applicable to the payment of said judgment is not of its income and revenue.

INTEREST ON TAXES WHEN NOT RECOVERABLE BY STATE — MANDAMUS AGAINST CITY AND COUNTY OFFICERS. — The state cannot recover its share of interest on delinquent taxes, which had been paid out of the city and county treasury, prior to demand therefor, by a proceeding in *mandamus* against the auditor and treasurer of the city and county. An officer cannot be compelled to pay a sum of money by mandate, unless the money is in his official custody, legally subject to the payment of the demand made when the steps are initiated to enforce the payment of such demand by writ of mandate.

MANDAMUS — VERIFICATION OF PETITION — APPEAL — OBJECTION FOR FIRST TIME. — The objection that the petition or complaint for a writ of mandate is not verified as required by statute is too late when raised on appeal for the first time. The affidavit is waived if the parties go to trial in the court below without objection to the lack of an affidavit.

INTEREST ON DELINQUENT TAXES—PENALTY—FORFEITURE. — Conceding that interest on delinquent taxes due to the state is a penalty, or forfeiture in the sense of a penalty, as a mulct for a default or wrong, it is not such a penalty or forfeiture as is required to be paid into the county treasury for the use of the county where the person against whom the recovery is had resides, as provided by section 3386 of the Political Code. That section refers only to penalties and forfeitures recovered by action, and not to the interest on delinquent taxes which is obtained by the ordinary method of collection without suit.

ID. — INTEREST WHEN PAYABLE. — Interest is not to be charged on the delinquency in December, unless the taxes remain unpaid on the third Monday in March following.

ID. — REVENUE SYSTEM APPLICABLE TO SAN FRANCISCO. — The general revenue system provided in the Political Code applies to the city and county of San Francisco.

STATUTE — CONSTRUCTION. — When there is nothing in a statute to indicate that a word is used in a peculiar sense, it must be taken in its ordinary and popular meaning.

ID. — DEFINITIONS— "RECOVERY"— "COLLECTION." — The word "recovery" in its general use signifies a recovery had by process and course of law; though in a special case it may mean collected or obtained without suit. It has its ordinary and popular meaning of payment compelled by action, as used in the title of the Political Code establishing the revenue system of the state. The words "collect" and "collection" as used in that title are employed to designate the obtainment of money without suit, and nowhere signify recovery by action, except where such meaning is manifested by the context.

INTEREST ON TAXES — POWER OF LEGISLATURE. — It is within the power of the legislature to enact that delinquent taxes shall bear interest in the same manner as a debt, to regulate the rate, and to require interest on the state's portion of delinquent taxes to be paid to the state, and go into its treasury.

PLEADING — WAIVER OF OBJECTION. — When a cause is tried without objection to the complaint by demurrer, either general or special, as if the complaint were in all respects sufficient, no error or defect therein which does not affect the substantial rights of the parties will be ground for reversal of the judgment.

ID. — MANDAMUS — AVERMENT OF DEMAND. — It is doubtful whether an express and distinct demand is necessary prior to the application for a writ of mandate, where the case relates to the performance of a public duty in which the relator has no private interest; but a demand is substantially averred by the general words "often requested and refused to be done," in the absence of a special demurrer.

APPEALS from the judgment of the Superior Court of the city and county of San Francisco, rendered upon an application for a writ of mandate. Cross-appeals were

taken by the people and by the treasurer and auditor of the city and county.

The facts are stated in the opinion of the court.

*Attorney-General Marshall*, and *Langhorne & Miller*, for the People.

*George Flournoy, Jr.*, for the Auditor and Treasurer.

Penalties and forfeitures for violations of the revenue law belong to the respective counties, and not to the state. (Pol. Code, sec. 3886.) The two per cent per month imposed upon taxes which remain finally delinquent is denominated "interest," but is clearly punitory in character. (Pol. Code, sec. 3803.) *Mandamus* does not lie to compel a disbursing officer to pay a particular demand unless the complaint or petition shows affirmatively that he has the money in his hands to make the payment. (*Amos* v. *Burrows*, 11 Mo. App. 383; *State* v. *Warner*, 55 Wis. 271; *Redding* v. *Bell*, 4 Col. 333; *State* v. *Jennel*, 31 La. Ann. 142.)

*Garber & Bishop*, for Intervenor.

The law is clear and undoubted that a party to a suit cannot have or maintain any appeal from the judgment or decree therein, or from any part of such judgment, which is not against him, and does not prejudicially affect his rights, however erroneous such judgment or decree, or part thereof, may be. (*Hibernia etc. Soc.* v. *Ordway*, 38 Cal. 679, 680; *Scotland* v. *East Branch etc. Co.*, 56 Cal. 625; *People* v. *Pfeiffer*, 59 Cal. 89; *Hunt* v. *Houtz*, 62 Ala. 36; *Steele* v. *White*, 2 Paige, 478; *Mills* v. *Hoag*, 7 Paige, 18; 31 Am. Dec. 271; *Cuyler* v. *Moreland*, 6 Paige, 273; *Hackley* v. *Hope*, 4 Keyes, 126; *McGinnis* v. *Wheeler*, 26 Wis. 651; *McGregor* v. *Pearson*, 51 Wis. 122; *Farmers' etc. Co.* v. *Waterman*, 106 U. S. 265; *Idley* v. *Bowen*, 11 Wend. 238.) Where no objection is made to an intervention when offered, and no exception is taken to the

order allowing such intervention, it cannot be objected to for the first time on appeal. (*McKenty* v. *Gladwin*, 10 Cal. 228; *Smith* v. *Penny*, 44 Cal. 161; *Donner* v. *Palmer*, 51 Cal. 629; *Bangs* v. *Dunn*, 66 Cal. 72; *Herman* v. *Pfister*, 2 La. 455, 456; *Brown* v. *Saul*, 4 Martin, N. S., 434; 16 Am. Dec. 181, note.)

THORNTON, J.—This action was brought by the people of the state for a writ of mandate to compel defendant Edgar, as auditor of the city and county aforesaid, to make his official statement and certificate that certain sums of money, consisting of interest on the state's portion of delinquent taxes collected by the said city and county for the fiscal year commencing with 1872–73 and ending with 1882–83, are in the hands of defendant Reis, the above-named treasurer, and to command Reis, as treasurer, to settle with the controller of the state for said sums, and to pay the same over to the treasurer of the state.

The claim of the state for the sums of money above mentioned is based on section 3803 of the Political Code, which is as follows:—

"Interest at the rate of two per cent per month must be collected on such delinquent taxes from the time they were first delinquent until paid."

This provision applies to all delinquent taxes, to such as are due to the state as well as those due to the counties or to the city and county of San Francisco.

The defendants Edgar and Reis answered the petition or complaint.

The San Francisco Gas-light Company, by leave of the court, filed a complaint in intervention, claiming the moneys then in the city and county treasury as applicable to the payment of their demands for gas furnished the city and county, which demands had been regularly passed, allowed, and audited by the auditor of the city and county, and that the sums of money herein claimed

by the state, as being then in the treasury, constituted a portion of the income and revenue of the fiscal year for which their demands for gas had been incurred. The plaintiff (we so style the applicant herein for the writ), without making any objection in any way to the filing of the complaint in intervention, either by demurrer or by motion to strike it out, answered it.

Judgment passed for the plaintiff for the sum of $5,184.99, and for the intervenor for $39,515.27, and it was ordered in it that writs of mandate issue to the parties respectively for the sums above mentioned.

There are two appeals herein,—one by the plaintiff from the entire judgment, and the other by the defendants Reis and Edgar from the judgment in favor of the plaintiff. The first appeal above mentioned is numbered 9973, and the second 11079.

It is argued on behalf of plaintiff that the complaint in intervention does not state facts sufficient to constitute a cause of intervention.

This objection, which is in effect that the intervenor had no right to intervene herein by reason of the insufficiency of the facts stated in the complaint, is raised for the first time in this court; and according to the well settled rule here, the objection urged comes too late. (*McKenty* v. *Gladwin*, 10 Cal. 228; *Smith* v. *Penny*, 44 Cal. 161; *Bangs* v. *Dunn*, 66 Cal. 72.) The plaintiff took issue on the complaint of the intervenor in the court below, without objection to it or exception of any kind, and the trial proceeded between the plaintiff and intervenor on the issues joined. The objection then cannot be made for the first time on this appeal.

We cannot see how this court can avoid affirming that part of the judgment in favor of the intervenor, on the facts appearing to be true as shown by plaintiff's bill of exceptions. In the bill it is stated that it was made to appear to the court below, "that the intervenor, the San Francisco Gas-light Company, furnished gas to said city

and county, as alleged in their petition for intervention herein, and that they presented their claims therefor, as therein alleged, and that the said moneys, which by the judgment herein the said treasurer is commanded to pay the intervenor, to wit, the sum of $39,515.27, is a part of the income and money provided to pay the indebtedness and liabilities for the year at which the said several items of indebtedness to said intervenor were incurred, and that said moneys were properly applicable to the payment of said claims, and none other." And it was also made to appear to the court below "that the said sums mentioned in the complaint for the various fiscal years therein specified were collected by the city and county officers as interest upon the state's portion of delinquent taxes, under section 3803 of the Political Code, and paid over to the treasurer of and into the treasury of the said city and county, and the general fund thereof; and was all paid out again by the treasurer of said city and county in the fiscal years when collected, to satisfy regularly audited demands upon said treasury, except the sum of $5,184.99, mentioned in the judgment herein, and that at the time of the various demands and requests alleged in the plaintiff's petition, and each of them, and at the time of the commencement of this action, no part of said moneys so alleged to have been collected for interest was in the hands of said treasurer, or in the said treasury, except the said sum of $5,184.99."

If the several sums claimed by the state had been paid out when demand was made for them as stated in the complaint or petition of plaintiff (conceding the request in the complaint to be a demand), no mandate can go from this court to compel either the auditor to make a report as asked for or the treasurer to pay them. It would be useless to compel either of these officers to do what is asked on behalf of the state: as to the auditor, because the treasurer would not be charged with any duty to pay again what has already been regularly paid

away; and as to the treasurer, because he could not be compelled to pay the money from the treasury which he had already regularly disbursed, and he certainly should not be compelled to pay it out of his own funds. It is well settled that an officer cannot be compelled to pay a sum of money by mandate unless the money is in his official custody, legally subject to the payment of the demand made when the steps are initiated to enforce the payment of such demand by writ of mandate. (See *Redding* v. *Bell*, 4 Cal. 333; *Bates* v. *Porter*, 74 Cal. 224.)

As it appears conclusively from the bill of exceptions that the money received for the interest claimed, except the amount of $5,184.99, for which the state recovered judgment, had been regularly paid out by the treasurer before any steps were taken by mandate to collect it, we cannot see that the state has any interest in the question whether there was money in the treasury of the income and revenue of the city and county of San Francisco properly applicable to the payment of the demands of the gas-light company, and for which the gas-light company had judgment. Conceding that the judgment was erroneous, for the reason that the money was not of such income and revenue, and would be reversed on appeal of the defendants Edgar and Reis, still the state was not aggrieved by it, and it would not be reversed on its appeal, for the reason that the money was not of such income and revenue.

For the foregoing reasons, we are of opinion that that portion of the judgment in favor of the gas-light company is without error, and must be affirmed.

We pass to the consideration of that portion of the judgment in favor of the state, the amount of which is $5,184.99, from which the appeal is prosecuted by the defendants Edgar and Reis.

On this appeal it is argued on behalf of appellants that the complaint (referring to the petition) is fatally

defective as a basis for a writ of mandate, because not verified or accompanied by an affidavit.

It is said in support of this point that the statute provides that the writ of mandate "must be issued on affidavit." (Code Civ. Proc., sec. 1086.) This is so. But the parties went to trial in the court below on the complaint without objection to the lack of an affidavit, and on this account we do not think such objection should be regarded here. It comes too late when made for the first time on appeal. We do not see why defendant may not waive the affidavit, and we must consider it waived when the objection is made for the first time in this court.

In *McCullough* v. *Clark*, 41 Cal. 298, it was held that if plaintiff goes to trial on the merits, without objection to the non-verification of an answer, he will not be allowed to raise the point in the appellate court. We think the same rule should be applied in this case. We therefore rule this point against the appellants, and hold that the complaint should be considered as free from the objection urged.

The appellants further contend that the complaint states no cause of action because the state is not entitled to the two per cent charged on delinquent taxes, but the same is a penalty or forfeiture to the city and county.

The general revenue system provided in the Political Code (see title 9 of part 3 of that code), which went into effect in 1872, applies to the city and county of San Francisco. (*Savings and Loan Society* v. *Austin*, 46 Cal. 415.)

By that system it is enacted that the " fines, forfeitures, and penalties incurred by a violation of any of the provisions of this title must be paid into the treasury of the county where the person against whom the recovery is had resides." (Pol. Code, sec. 3386.)

And it is contended on behalf of the appellants that the interest of two per cent per month directed to be collected on delinquent taxes (Pol. Code, sec. 3803) is a

penalty or forfeiture, and must be paid as above for the use of the county.

It may be granted that the two per cent is a penalty for non-payment of delinquent taxes. It may be granted also to be a forfeiture, but only in the sense of a penalty. The two words seem to mean the same thing, when said of money, in which sense it imports a requirement to pay the sum mentioned as a mulct for a default or wrong. (See Abbott's Law Dictionary, word Forfeit, and cases there cited.) When used in the section above quoted of a payment of a sum of money, it is difficult to distinguish the one from the other. We think they mean here the same.

If it be conceded, then, that the payment of interest above mentioned is a penalty or forfeiture, the two words being used in the sense stated above, does it follow that the payment is required to be made for the use of the county?

The tax collector of the city and county, as well as of each county, collects both the state and county taxes of the character involved herein.

The unpaid taxes become delinquent on the last Monday in December, at 6 o'clock, P. M., and unless paid prior thereto five per cent must be added to the amount thereof, and this five per cent must thereafter be collected by the collector for the use of the county. (Pol. Code, sec. 3756.)

The tax collector must afterward, on a day mentioned in the statute, publish the delinquent list. (Pol. Code, sec. 3764.) The expense of this publication is a charge against the county. (Same section.) The tax collector must also append and publish with this list a notice that unless the delinquent taxes, together with the costs and percentage, are paid, the real property upon which such taxes are a lien will be sold at public auction. (Pol. Code, sec. 3765.) These taxes become a lien on such property on the first Monday in March of each year. (Pol. Code, secs. 3717, 3718.)

If these taxes are not paid or collected by sale of the property of the delinquent by the third Monday of March following the notice of sale, interest on them must be collected at the rate of two per cent per month from the time of the delinquency in December until paid.

This interest is not to be charged on the delinquency in December unless the taxes remain unpaid on the third Monday in March following. This was so held in *Harper* v. *Rowe*, 53 Cal. 233, where it was said of this section that it "has no application to a sale made by a tax collector to collect a delinquent tax in the first instance. If the tax remains finally delinquent after the tax collector has exhausted all means for its collection, it may possibly be subsequently collected in some other method provided by law, in which event the interest is to be added to compensate for the long delay, and as an incentive to the tax-payer to make a voluntary payment, and thus stop the interest." *Harper* v. *Rowe* has been followed by this court in *Lake County* v. *Sulphur Bank etc. Co.*, 66 Cal. 17; 68 Cal. 14; *People* v. *North Pacific etc. R. R. Co.*, 68 Cal. 553.

It will be observed that in the foregoing sections which lead up to the collection of the two per cent per month interest on delinquent taxes under section 3803, requiring it to be collected, nothing is said definitely for whom it is to be collected. The five per cent to be added on the delinquency in December is required to be collected for the use of the county. This is distinctly and clearly provided for in section 3756.

Conceding, then, as above pointed out, that such interest is required to be paid by the delinquent as a penalty or forfeiture, it must be determined to whom such money goes when paid under section 3886 of the Political Code, above quoted, and by that section let it be noted that it must be paid "into the treasury *for the use of the county where the person against whom the recovery is had resides.*"

It is material to be determined what is the meaning of the word "recovery" in the above section. Does it signify a collection without suit, or a payment compelled by action? In its general use it means a recovery had by process and course of law. It was so held in *Jones* v. *Walker*, 2 Paine, 688. In a special case it may mean collected or obtained without a suit. It was so held in *Douglass* v. *Reynolds*, 7 Pet. 113, 126. We think the word is here used in its general sense, which is its ordinary and popular meaning, and when there is nothing in the statute to indicate that it is used in a peculiar sense, we must attribute to it its ordinary and popular signification. This is the rule to be adopted in the construction of a statute or any writing. (Code Civ. Proc., sec. 1861.) We find nothing in the title establishing the revenue system of the state which indicates that this word is used in any other than its ordinary and popular meaning. On the contrary, we find much to indicate that it is so used. The words "collect" and "collection" are used in the title, but nowhere signifying recovery by action or judicial process, except where such meaning is manifested by the context. Unless so manifested, the word "collect" and its cognates or derivatives are clearly used to signify the obtainment of the money without suit. (See Pol. Code, c. 7, tit. 9.)

Further, there are penalties or *forfeitures* (using the word "forfeiture" in the sense set forth above) prescribed in the title, which are to be recovered by action. (Pol. Code, secs. 3656, 3697, 3737.) There are other penalties or forfeitures which require no action to be brought. They are directed to be withheld or deducted by an officer of state designated, viz., the controller. (Secs. 3867, 3870.) The amount withheld under section 3867 "to be paid into the treasury for the use and benefit of the state."

The above considerations lead to and fortify the conclusion that the penalties and forfeitures spoken of in

section 3886 refer only to those to be recovered by action under the statute, and not to the interest of two per cent per month on delinquent taxes which is obtained by the ordinary method of collection without a suit.

And as this interest is not required by the statute to be collected for the use of the county, or city and county, it is reasonable to hold that that portion of the interest accrued and collected on the state tax should be paid to the state and go into its treasury.

In regard to the argument that delinquent taxes do not bear interest as a debt, we cannot see much force in it, for certainly it is within the power of the legislature to enact that they shall bear interest in the same manner as a debt, regulate the rate, and require such interest on the state's portion of delinquent taxes to be paid to the state and go into its treasury; and this is true under the statute, conceding that such interest may be regarded as a penalty or forfeiture.

We have examined the other points made by appellants, which refer to the sufficiency of the complaint, and we are of the opinion that as there was no demurrer, either general or special, to the complaint, and no objection made to it in the court below, we ought not to reverse the judgment. The cause appears to have been tried as if the complaint was in all respects sufficient. On an examination of the record we find no error or defect in the pleadings or proceedings which affects the substantial rights of the parties, and in such a case the judgment should not be reversed. (Code Civ. Proc., sec. 475.)

It is doubtful whether the express or distinct demand upon the defendant to perform the acts required prior to the application for the writ of mandate is necessary in this case, which relates to the performance of a public duty, and in which the relator has no private interest, and claims no benefit of the acts to be done. (See *Oroville & V. R. R. Co.* v. *Plumas County*, 37 Cal. 362, 363.)

But we think it was substantially averred to have been made by the general words "often requested and refused" to be done, and the bill of exceptions refers to the demand as having been made.

Both of the judgments appealed from must be affirmed. So ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.