[Sac. No. 965.    Department Two.—December 22, 1902.]

A. L. BUTTERFIELD, Respondent, v. R. N. GRAVES et al., Defendants; J. C. WINANS, W. S. WOOD, MONO LAKE HYDRAULIC MINING COMPANY et al., Appellants.

QUIETING TITLE—PLEADING—DEMURRER TO COMPLAINT.—A complaint in an action to quiet title, alleging that plaintiff is in possession of and claims title in fee to the described premises, and that the defendants and each of them claim an estate or interest adverse to him, is sufficient; and a demurrer thereto was properly overruled.

ID.—PARTIES—MINING COMPANY DEFENDANT—ANSWER—ESTOPPEL.—A mining company made defendant in the action, under which plaintiff derives no right, need not be alleged in the complaint to be a corporation; and where such company appears and answers by that name, it will not be allowed to say that it was not properly named in the complaint, or that the complaint did not show how it came to bear that name.

ID.—SUFFICIENCY OF ANSWERS.—Answers, though not denying the possession of the plaintiff, which denied that the plaintiff was at any time the owner of any right, title, or interest in or to the premises, or any part or parts thereof, and denied that the defendants had no estate, right, title, or interest in the lands, and affirmatively alleged that at the commencement of the action two of the defendants named owned, and still own, the title in fee to the premises, raised issues upon which the defendants were entitled to be heard, and the court erred in sustaining demurrers thereto.

ID.—TITLE SUBJECT TO TRUSTS—SURPLUSAGE.—The averment of the answers that the two defendants named hold the legal title "under certain trusts" not set forth, with which it is alleged plaintiff is in no way connected, may be regarded as surplusage. The legal title being in those defendants, it cannot be in the plaintiff at the same time.

ID.—VERIFICATION OF ANSWER—DEMURRER—MOTION TO STRIKE OUT.—
Where defendants are sued jointly, and it is alleged they claim an
estate or interest adverse to the plaintiff, the law does not require
each of them to verify the answer, but it is sufficient for one of them
to verify it. If an answer is insufficiently verified, that is not ground
of demurrer, but only of a motion to strike the answer out.

APPEAL from a judgment of the Superior Court of Mono
County and from orders refusing to vacate and set aside the
default and judgment rendered against appellants and refus-
ing them leave to file amended answers. W. H. Virden,
Judge.

The facts are stated in the opinion.

John D. Murphey, for Appellants.

William O. Parker, for Respondent.

COOPER, C.—Action to quiet plaintiff's title to lands de-
scribed in the complaint. Default was entered against certain
defendants who do not appeal. The appellants filed answers,
to which the demurrers of the plaintiff were sustained, and
judgment finally entered for plaintiff as prayed. This ap-
peal is from the judgment and certain orders refusing to
vacate the defaults and judgments.

The demurrer to the complaint was properly overruled.
The complaint alleges that plaintiff is in possession and claims
title in fee to the described premises, and that the defendants,
and each of them, claim an estate or interest adverse to him.
This is sufficient in an action to quiet title. (Code Civ. Proc.,
sec. 738; *Stoddart* v. *Burge,* 53 Cal. 398.) It was not neces-
sary to allege that the Mono Lake Hydraulic Mining Com-
pany is a corporation. Plaintiff was not claiming any right
under it as a corporation. Whether it was a corporation or
not, it appeared under the name by which is was sued in the
complaint. Being named as a defendant, and appearing un-
der the same name, it will not be allowed to say it was not
properly named, or that the complaint did not show how it
came to bear the name. We do not know that it was or is a
corporation. The Mono Lake Hydraulic Mining Company
was made a defendant and appeared by attorney. The pro-
ceedings are valid as to the Mono Lake Hydraulic Mining

Company, whether the name be that of a corporation or a person, and there is nothing here to inform us whether or not it is the name of a person.

The appellants Winans, Wood, John Elbert, and the Mono Lake Hydraulic Mining Company filed one and the same answer to the verified complaint.

The appellants Bliss and V. L. Elbert appeared together in one answer, separate from that of the above-named appellants.

The plaintiff demurred to each of said answers, and the court sustained the demurrers, and denied permission to each of the defendants to amend, except John Elbert, who was allowed to and did file an amended answer, but to the amended answer the court sustained plaintiff's demurrer and denied permission to further amend. The default of each of the defendants so answering was then entered and judgment granted and entered in favor of the plaintiff as prayed. The appellants made a motion after notice, asking that the defaults be set aside and that they be permitted to amend their answers, but this the court refused. While the answers are by no means models of pleading, we think they stated facts sufficient to constitute a defense, and that the court erred in sustaining the demurrers.

The answers did not deny the fact that plaintiff was in possession of the lands described in the complaint, but they denied that the plaintiff, at the time of the commencement of the action, or at any other time, was the "owner of any right, title, or interest whatever in or to said premises, or any part or parts thereof." They further denied that they "had no estate, right, title, or interest in the lands," and alleged affirmatively that at the time of the commencement of the action the defendants Wood and Winans "owned and still own the legal title in fee to the said premises and all thereof."

This certainly raised issues upon which the defendants were entitled to be heard. Why they should be sent out of court and not permitted to amend their answers does not appear. The plaintiff alleged that he claims the title in fee. Defendants deny that he has any estate, right, or title to the said lands. They further allege that the fee is in Wood and Winans.

It is true that the answers allege that Wood and Winans hold the legal title "under certain trusts," and it does not appear what the trusts are, as they are not set forth. But it is alleged that plaintiff is in no way connected with the said trusts. This part of the answers may be regarded as surplusage, because the legal title being in certain defendants it cannot be in the plaintiff at the same time. The object of the action is to quiet title as to all adverse claims of every kind and nature. If the answers are true (and we must here so presume), the plaintiff is not entitled to judgment. The defendants were entitled to be heard, even upon a denial of the material allegations of the complaint. (*Redd* v. *Murry,* 95 Cal. 53.) If the answers were not properly verified, that was not a reason for sustaining a demurrer to them. In such case the court could entertain a motion to strike out, but the answers, whether properly verified or not, are pleadings in the case. But as defendants are sued jointly, and it is alleged that they "claim an estate or interest therein adverse to the said plaintiff," we do not think the law requires each of them to verify the answer. The answer could be verified by the affidavit of one defendant. The language of the statute is, "It must be by the affidavit of a party." (Code Civ. Proc., sec. 446.)

It follows that the judgment should be reversed and the court below directed to overrule the demurrers to the answers.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to overrule the demurrers to the answers.

McFarland, J., Van Dyke, J., Henshaw, J.