[Civ. No. 262. Third Appellate District.—September 25, 1906.]

## H. D. PETERSON, Respondent, v. W. J. PLUNKETT, Appellant.

ACTION TO QUIET TITLE—PLEADING—ANSWER—SOURCE OF TITLE.—In an action to quiet title, the defendant need not plead the source of his title. His denial of the plaintiff's title is entirely sufficient to raise an issue to be tried by the court.

ID.—PLEADING OF TITLE IN FEE AND OUSTER—MOTION TO VACATE JUDGMENT—SHOWING OF MERITS REQUIRED—DISCRETION.—Where the defendant affirmatively pleaded in his answer a title in fee, and ouster by plaintiff, without setting forth the source of his title, upon his motion to vacate a judgment rendered for plaintiff in his absence, owing to his mistake and excusable neglect, he must show a meritorious defense, and set forth in his affidavit what he can prove in support of the title claimed in his answer; and upon his failure to do so, there was no abuse of discretion on the part of the court in denying the motion.

APPEAL from a judgment of the Superior Court of Lake County, an order denying a motion to set aside the judgment, and an order denying a new trial. M. S. Sayre, Judge.

The facts are stated in the opinion of the court.

Bell & Straus, and Edward G. Knapp, for Appellant.

Crawford & Crawford, for Respondent.

BUCKLES, J.—This is an action to quiet title of H. D. Peterson to a tract of land in Lake county. The case was set for trial; the defendant failing to appear, a trial was had, resulting in a judgment for plaintiff on December 21, 1903. On March 21, 1904, defendant moved the court to set aside said judgment on the ground that it was taken against him "*through his mistake, inadvertence, surprise and excusable neglect.*" Defendant at the same time moved for a new trial. Both motions were denied and this appeal is from the judgment, from the order denying motion to set aside the judgment, and from the order denying motion for a new trial.

The usual complaint to quiet title was filed. A general demurrer thereto was filed and overruled.

Defendant answered, denying plaintiff's title, and for further defense alleges his own title to said lands to be a seizure in fee and entitled to possession, and that while so seised and possessed and entitled to possession the plaintiff entered and ejected him, and wrongfully, unlawfully and without defendant's consent withholds possession from defendant. The answer was filed November 16, 1903.

On November 25, 1903, plaintiff filed an answer to defendant's cross-complaint, specifically denying the allegations thereof. This answer, according to admissions of Frank V. Bell, a member of the firm of Bell & Straus, attorneys for defendant, was served on defendant's said attorneys before December 11, 1903, to wit, about November 25, 1903. On December 7, 1903, the court made an order setting the case for trial on December 21st, and directed in said order that the clerk notify Bell & Straus, attorneys for defendant. On December 7, 1903, the clerk did notify said Bell & Straus by letter, they having their office in San Francisco, that the case was set for trial for December 21st.

On December 11, 1903, attorney Frank V. Bell wrote the clerk in answer to his said notice, saying: "The plaintiff has as yet failed to serve upon me any answer to my cross-complaint, and as the demurrer has been withdrawn, the case is not at issue nor ready for trial. Under any circumstances it would be impossible for me to try the case on the 21st, my engagements in courts in this County will prevent it. However, as the case is not at issue and cannot be tried, as

soon as the answer has been served on me I will agree on some future day to try the case.

"Very truly,

"FRANK V. BELL."

Bell says in his affidavit on motion to vacate the judgment that at the time of writing said letter he believed he had not been served with said answer, but that he was mistaken in this belief and did not discover his mistake until after December 21st, when for the first time he discovered said answer where it had been misplaced.

On December 12, 1903, the clerk again wrote Bell & Straus, notifying them that the case was set for trial for December 21st, and added, at the bottom of the letter, the following: "I send this notice because I think that I failed to state in the first notice that the demurrer had been overruled." This letter was received by Bell & Straus about December 13th, according to Frank V. Bell's said affidavit.

At the trial on December 21st there was no appearance for the defendant, and no other showing made to account for the nonappearance of Bell & Straus than the letter of Frank V. Bell of date December 11th, heretofore set forth, which was shown to and considered by the court.

The showing made by defendant on the hearing of the motion to set aside the judgment consisted of the affidavit of the defendant Plunkett and the affidavits of his attorneys.

The defendant Plunkett sets forth in his affidavit that Helen F. Peterson, the wife of the plaintiff, on the fourteenth day of July, 1900, filed a homestead on the land in controversy, and that by reason of said homestead the said Helen F. Peterson had or claimed some interest in said land and that she is a necessary party to the action, and that there could be no complete determination of the action until she is made a party to said action.

The affidavit of said attorney, in addition to the matters already referred to as tending to excuse their nonappearance at the trial, sets forth that he was and is prepared to introduce evidence to show that plaintiff was a resident of San Joaquin county at the date of filing said homestead, and that said homestead was void.

The trial court heard all the evidence and was well acquainted with all the facts in the case, and was called upon

to exercise its discretion in passing upon the motion to set aside the judgment.

The evidence produced at the trial of the case was the United States patent to plaintiff for the land and the homestead declared and filed by Helen F. Peterson.

There is no allegation in the answer, nor elsewhere, of defendant's source of title; and there was no showing at all made at the hearing of the motion to set aside the judgment, of any claim, right, title or interest the defendant had in or to said land, and no offer made to prove such claim or interest. If he had a meritorious defense to the said action, he failed to disclose the same, and the court could not do otherwise than deny his motion.

Defendant need not allege in his answer his source of title, a denial of plaintiff's right being entirely sufficient to raise an issue to be tried by the court (*Butterfield* v. *Graves,* 138 Cal. 155, [71 Pac. 510]; *United Land Assn.* v. *Pacific Improvement Co.,* 139 Cal. 370, [69 Pac. 1064, 72 Pac. 988]); but, upon a motion to set aside a judgment rendered in the absence of the defendant, in order that the court may know what his defense is, and whether he has a good or meritorious defense to plaintiff's cause of action, justice requires him to set forth what he can prove in support of the right of title he claims in his answer. This the defendant failed to do.

We discover no abuse of discretion on the part of the court.

Judgment, order denying motion to set aside judgment, and the order denying the motion for a new trial are affirmed.

Chipman, P. J., and McLaughlin, J., concurred.