[Civ. No. 4731.  First Appellate District, Division Two.—October 8, 1923.]

E. E. HENDERSON et al., Appellants, v. PALMER UNION OIL COMPANY (a Corporation), et al., Respondents.

[1] DISMISSAL—TRIAL—TIME—ABSENCE OF VERIFICATION TO ANSWER —JURISDICTION.—The absence of a verification to an answer does not affect the jurisdiction of a court to dismiss an action which is not brought to trial within five years from the filing of such answer.

[2] ID.—LAPSE OF STATUTORY TIME AFTER ANSWERS FILED—DISCRETION—PROHIBITION—MANDAMUS.—A trial court has no discretion but to dismiss an action where more than five years have elapsed from the time of the filing of answers, and in case it refuses to make such an order, it may be restrained by prohibition from proceeding to try the cause or compelled by writ of *mandamus* to make an order of dismissal.

[3] ID.—INSUFFICIENT VERIFICATION TO ANSWERS — REMEDY—TIME.— Conceding on a motion to dismiss an action for not having been brought to trial within five years after answers filed that the verification of the answers is insufficient, the remedy of the plaintiffs is to move to strike out the answers or to move for judgment on the pleadings; but such motion should be made within the five-year period.

64 Cal. App.—6

APPEAL from an order of the Superior Court of Alameda County dismissing an action. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Peck, Bunker & Cole and Henry C. McPike for Appellants.

R. P. Henshall for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiffs from an order of the trial court dismissing the action under the provisions of section 583 of the Code of Civil Procedure. The order was made upon the motion of the defendants based upon the fact that the cause had not been brought to trial within five years after the filing of answers to the complaint.

The following facts appear without dispute: The complaint joined several parties as defendants and on September 8, 1917, answers of the said defendants were filed. There had been no stipulation between the parties extending the time for the trial of the action beyond the period of five years after answer filed. In September, 1922, defendants made their motion for the dismissal of the action. Upon the hearing of the said motion the plaintiffs orally moved the court to strike from the files the answers of the defendants "upon the ground that the said original complaint being duly verified, the same required a verified answer, and that none of said answers was verified according to law, and there was no verified answer on file by any defendant in said action." The trial court granted the motion of the defendants and denied the motion of the plaintiffs.

Upon this appeal, the appellants urge, first, that the verifications attached to the answers are defective; that "verified answers to verified complaints are not only a positive and mandatory requirement of the law, but they are jurisdictional; they are the condition precedent upon which the law admits defendants to the right to be heard; that the answers on file herein, lacking verification, are not answers and would not have interrupted default if plaintiffs had chosen to take it; they might have been stricken from

the files and are not the answers contemplated by section 583 of the Code of Civil Procedure, and did not start running the period of limitation therein applied.''

[1] For the purpose of this appeal only, let us concede that the verifications attached to the answers did not comply with the statute. The question is then presented: Does the absence of a verification affect the jurisdiction of the court. In the case of *Butterfield* v. *Graves,* 138 Cal. 155, 158 [71 Pac. 510, 511], the court said: ''If the answers were not properly verified, that was not a reason for sustaining a demurrer to them. In such case the court could entertain a motion to strike out, but the answers whether properly verified or not, are pleadings in the case.'' In the case of *Security Trust & Sav. Bank* v. *Fidelity & Deposit Co.,* 184 Cal. 173, 176 [193 Pac. 102, 103], it was said: ''The failure to verify the petition of appointment in accordance with the requirements of section 1763 of the Code of Civil Procedure amounted to no more than a defect in pleading, and the verification was not a jurisdictional requirement for the making of the appointment. Where parties proceed to trial upon an unverified petition or answer without objection thereto, they are held, by so doing, to waive their right to object to the want of verification. (*People* v. *Reis,* 76 Cal. 269, 275 [18 Pac. 309]; *Hill* v. *Nerle,* 29 Cal. App. 473 [156 Pac. 981].) It appears that after the filing of the petition for appointment as guardian, notice was duly given and a hearing was regularly held, and the defect in pleading was, therefore, waived, and, no want of jurisdiction being disclosed on the face of the record, the order of appointment cannot be collaterally attacked. (*Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 Pac. 793, 1101]; *In re Lundberg,* 143 Cal. 402 [77 Pac. 156].)''

[2] The trial court had no discretion but to dismiss the action at the time the motion of defendants was made because more than five years had elapsed from the time of the filing of the answers, and had it refused to make such an order, would have been restrained by prohibition from proceeding to try the cause or compelled by writ of mandate to make an order of dismissal. (*City of Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 Pac. 79]; *Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841]; *Boyd* v. *Southern Pac. R. R. Co.,* 185

Cal. 344 [197 Pac. 58]; *Anderson* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963].) **[3]** Conceding that the verification of the answers was insufficient, the remedy of the plaintiffs was to move to strike out the answer or to move for judgment on the pleadings (*Butterfield* v. *Graves, supra; Silcox* v. *Lang,* 78 Cal. 118, 121 [20 Pac. 297]). But such motion should have been made within the five-year period. It involved judicial action, which the court had lost the power to take after the lapse of five years; its only power in said action after such lapse of time was to enter an order of dismissal. The order denying plaintiffs' motion to strike out the answers was properly denied, therefore.

The order dismissing the action is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 6, 1923.

All the Justices concurred.