[Civ. No. 8233. First Appellate District, Division Two.—February 2, 1932.]

LOS ANGELES BOND AND SECURITIES COMPANY (a Corporation), Respondent, v. CLARENCE W. TYLER et al., Appellants.

Thomas R. Lynch and H. K. Smith for Appellants.

R. J. Gresham for Respondent.

TUTTLE, J., *pro tem.*—This is an appeal from an order denying defendants' motion to vacate and set aside a decree quieting title, and to quash the service of summons in said action.

Appellants were regularly served with summons in Los Angeles County, and due proof of such service was made, showing the date thereof to be January 13, 1929. On January 30th their defaults were entered by the clerk, and on March 1st judgment quieting title was entered against

them. On June 12th they served and filed a notice of motion to vacate said judgment and quash the service of summons. An affidavit and proposed answer accompanied this notice. Upon the hearing of the motion it was denied.

The limitations upon the powers of a reviewing court in cases of this character have been so often pointed out that we feel it unnecessary to dwell upon them here. Unless it plainly appears that the trial court has abused its discretion we are impotent to disturb the conclusion reached. (*Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 394 [90 Pac. 934].) The affidavit of appellants states that they relied upon certain co-defendants to appear for them, and that they believed they would not have to appear because another action was pending between the same parties and including the same issues. The proposed answer simply denies that plaintiff was the owner of the property when the complaint was filed. The affidavit does not set forth the origin of appellants' claim to the property, nor any other facts of that character which would disclose to the court the merits of their defense. The insufficiency of this showing fully justified the trial court in denying any relief. (*Peterson* v. *Plunkett*, 4 Cal. App. 302 [88 Pac. 283].)

We cannot disturb the findings of the trial court upon the facts and we furthermore hold that the failure to now show a meritorious defense was sufficient justification for the ruling.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.