## NELSON & DOBLE v. HIGHLAND.

IT is no ground of demurrer to a complaint, that the christian name of one of the plaintiffs does not appear.

APPEAL from the First District.

Complaint avers that " Thomas Nelson and —— Doble, whose christian name is unknown, partners doing business under the firm, name, and style, of Nelson & Doble," etc.

Demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties plaintiff in this—that the christian name of plaintiff, Doble, is not given.

Demurrer sustained; plaintiffs refuse to amend; judgment final, dismissing the complaint; plaintiffs appeal.

*George Cadwalader*, for Appellant.

The demurrer should have been overruled, because the plaintiffs were really the firm of Nelson & Doble. The balance of the averment may be rejected as surplusage. (17 Pick. 87; 14 Pick. 87; 14 Pick. 156; 12 Mass. 434.)

Demurrer was not the remedy. A motion to render the com-

plaint more certain, or a plea in abatement would have been proper. (Barnes v. Perine, 9 Barb. 202.)

A mistake in the name of plaintiff is not ground of nonsuit. (Brashear v. Stothard, 4 Bibb. 265 ; 1 Monroe, 175 ; Bacon Ab. Title " Misnomer.")

*P. L. Edwards*, for Respondent.

1. The demurrer of the Respondent was rightfully sustained. Plaintiffs are bound to know their own names, and to sue by them. (See Revis v. Lamme & Brother, 2 Mo. 168.)

2. The Appellants having refused to amend, and rested on their complaint and the demurrer, cannot now complain that the Court rendered final judgment.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

We do not think it was a good ground of demurrer that the christian name of one of the plaintiffs does not appear in the record. We cannot judicially know that one of the plaintiffs had either a christian or heathen name, or that it is necessarily untrue that he has forgotten it if he had.

Judgment reversed and cause remanded.