| 92 | 221 |
| 93 | 531 |

---

[No. 14226.   Department One. —December 11, 1891.]

## MEADS, SEAMAN & CO., RESPONDENTS, v. M. LASAR ET AL., APPELLANTS.

REPLEVIN — VERDICT — JUDGMENT — AMENDMENT.— In an action to recover the possession of personal property, where there is nothing in the record that shows that a delivery cannot be had, and the verdict implies that the property is susceptible of delivery by the defendants, and finds for its return or value in a specified sum, a judgment for the plaintiffs merely for the value of the property, and not for the possession or the value thereof in case a delivery thereof cannot be had, is not in conformity with the statute; but the error can be corrected by an amendment of the judgment to correspond with the verdict.

ID. — VERDICT FOR RETURN OR VALUE — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS. — An objection that the verdict for the return of all of the property is erroneous because not justified by the evidence will not be considered on appeal, where the only specification of insufficiency of evidence contained in the statement is as to the amount found by the verdict.

SALE OF PERSONAL PROPERTY — STATUTE OF FRAUDS — DELIVERY AND CHANGE OF POSSESSION — QUESTION OF FACT. — The question as to whether the sale of personal property is accompanied by an immediate delivery thereof, and followed by an actual and continued change of possession, is a question of fact for the jury.

CERTIFICATE OF PARTNERSHIP — INITIALS OF NAMES — CONSTRUCTION OF CODE. — The object of section 2466 of the Civil Code, requiring the filing

and publishing of a certificate by partnerships doing business under a fictitious name, and that the certificate shall state their names in full, is that public notice shall be given and a public record made of the individual members of such partnerships, with such definiteness and particularity that those dealing with them may know with whom they are dealing; and a certificate which states the names of each of the partners with the initials by which they are generally known is sufficient.

ID. — PUBLICATION OF CERTIFICATE. — The provision of the statute requiring the publication of partnership certificates "once a week for four successive weeks" is satisfied by one publication in each of four successive weeks, and any act depending upon such publication may be performed at any time after the expiration of four weeks from the first of such publications.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. F. Geil, J. M. Wilcoxen,* and *H. V. Morehouse,* for Appellants.

The judgment as entered in this case is erroneous, and must be reversed, because not in the alternative. (Code Civ. Proc., sec. 667; *Brichman v. Ross,* 67 Cal. 601; *Stewart v. Taylor,* 68 Cal. 5; *Washburn v. Huntington,* 78 Cal. 573; *Cooke v. Aguirre,* 86 Cal. 479; *Ryan v. Fitzgerald,* 87 Cal. 345.) Plaintiffs cannot maintain this action, as they have not filed and published the certificate of partnership required by sections 2466 and 2468 of the Civil Code. (*Fabian v. Calihan,* 56 Cal. 161; *Byers v. Bourret,* 64 Cal. 73; *Sweeney v. Stanford,* 67 Cal. 635.) Every transfer of personal property is conclusively presumed to be fraudulent and void as against those who are creditors of the transferrer while he remains in possession, if it be not accompanied by an immediate delivery and followed by an actual and continued change of possession. (Civ. Code, sec. 3440; *Vance v. Boynton,* 8 Cal. 562; *Whitney v. Stark,* 8 Cal. 514; 68 Am. Dec. 360; *Bacon v. Scannel,* 9 Cal. 271.) To constitute such change of possession as to make the transfer valid against creditors of the vendor, the vendee must take actual possession; the

possession must be open and unequivocal, having the usual indications of ownership by the vendee, so as to notify the world of his claim, and this possession must be continuous, etc. (*Stephens* v. *Irwin*, 15 Cal. 503; 76 Am. Dec. 500; *Engles* v. *Marshall*, 19 Cal. 320; *Malone* v. *Plato*, 22 Cal. 103; *Cahoon* v. *Marshall*, 25 Cal. 197; *Regli* v. *McClure*, 47 Cal. 612; *Gray* v. *Corey*, 48 Cal. 211; *Watson* v. *Rodgers*, 53 Cal. 401; *Hesthal* v. *Myles*, 53 Cal. 623; *Grum* v. *Barney*, 55 Cal. 254; *Dean* v. *Walkenhorst*, 64 Cal. 78; *Woods* v. *Bugbey*, 29 Cal. 467; *Merrill* v. *Hurlburt*, 63 Cal. 494; *Ruddle* v. *Givens*, 76 Cal. 457.)

*W. M. R. Parker, G. Webster,* and *N. A. Dorn,* for Respondents.

The verdict being regular, the fact that the judgment is not in the alternative is not reversible error. The province of the appellate court is remedial, and an irregularity of this character not affecting any substantial rights may be corrected by an order modifying and affirming the judgment. (Code Civ. Proc., sec. 957; *Kern Valley Bank* v. *Chester*, 55 Cal. 49; *Williams* v. *S. C. M. Co.*, 4 West Coast Rep. 616; *Atherton* v. *Fowler*, 46 Cal. 320.) The certificate of partnership was published once each week for four successive weeks, which is a full compliance with the statute. Had the code required four weeks' publication, a different rule would apply, and five insertions might be required. (*Ronkendorff* v. *Taylor's Lessees*, 4 Pet. 361; *Savings etc. Society* v. *Thompson*, 32 Cal. 352.) The fact that only the initials of the christian names of the partners were used does not invalidate the certificate, but it substantially complied with the law. (*Pendleton* v. *Cline*, 85 Cal. 142.) The defendants should not be permitted to attack the transfer of the property to the plaintiffs. M. Lasar, the plaintiff in said attachment, was not a creditor of the firm, and while he might attach and hold the property as security for his debt, his rights acquired by such attachment were subject not only to the rights of creditors of the firm, but also to the adjustment of the partnership

matters as between the members of the firm. (Parsons on Partnership, 347; 2 Lawson's Rights, Remedies, and Practice, sec. 684; *Ex parte Smith*, 16 Johns. 102; *Woodburn* v. *Bank*, 21 Vt. 278; *Andrew* v. *Keith*, 34 Ala. 722; *Filley* v. *Phelps*, 18 Conn. 294; *Bank* v. *Carrollton R. R. Co.*, 11 Wall. 624; *Chase* v. *Steel*, 9 Cal. 64; *Burpee* v. *Bunn*, 22 Cal. 194.) Joseph Houghton was a member of the firm of S. Houghton & Sons, and, as a partner, was the owner of one fourth of the property. He was not indebted to M. Lasar, and, as a partner in the said firm, he had the right to have the property applied to the discharge of its debts. (Civ. Code, sec. 2406; *Sheey* v. *Graves*, 58 Cal. 449; *Clark* v. *Cushing*, 52 Cal. 617; *Robinson* v. *Tevis*, 38 Cal. 611; *Wright* v. *Ward*, 65 Cal. 525.) The attaching creditor, Lasar, could only sell the interest of the individuals who were defendants in his process, subject to the rights of the partnership creditors; yet he sold the whole property, ignoring the rights of partnership creditors and partners, and converted the proceeds. Such action divests him of the protection that is thrown around attaching creditors, and makes the defendants trespassers *ab initio*. (*Melville* v. *Brown*, 15 Mass. 82; *Sheppard* v. *Shelton*, 34 Ala. 652; *Walsh* v. *Adams*, 3 Denio, 125; *Walker* v. *Fitts*, 24 Pick. 191; *Waddell* v. *Cook*, 2 Hill, 47; 37 Am. Dec. 372; *Moore* v. *Pennell*, 52 Me. 162; 83 Am. Dec. 500.)

HARRISON, J. — Action of claim and delivery of certain personal property in the possession of the defendant Graves, as sheriff of Monterey County, under an attachment issued in an action brought by the defendant Lasar against certain vendors of the plaintiffs.

The plaintiffs were creditors of the firm of S. Houghton & Sons to the amount of several thousand dollars, and on May 21, 1888, bought from them certain personal property, consisting of hogs, horses, and other cattle, including that described in the complaint, taking from them a bill of sale therefor, and crediting the agreed price upon their account against them. At the time of

the purchase the property was delivered to the plaintiffs, and placed by them in the possession of one Worley as their agent, and was kept by him in the same pasture in which it had been previously kept by the Houghtons, until taken by the sheriff as hereinafter stated.   In July of that year, the defendant Lasar sued out a writ of attachment in an action brought by him against the Houghtons, under which the sheriff took possession of the property described in the complaint, and in December following, Lasar commenced another action against the same defendants, in which he sued out another attachment, under which the sheriff held the property at the time the present action was commenced.   After the commencement of the present action, judgment was rendered in favor of Lasar in his action against the Houghtons, and an execution thereon issued to the sheriff, by virtue of which the property was sold.   The cause was tried before a jury, and a verdict rendered in favor of the plaintiff, "for the return to them of the property described in the complaint, or its value, to wit, the sum of one thousand dollars and costs."   From the judgment entered thereon, and from an order denying a new trial, the defendants have appealed.

1. The judgment as entered is not in conformity with the statute.   Section 667 of the Code of Civil Procedure provides that in an action to recover the possession of personal property, judgment is to be "for the possession, or the value thereof in case a delivery thereof cannot be had."   There is nothing in the present record which shows that a delivery cannot be had, and the verdict of the jury would imply that the property is susceptible of delivery by the defendants.   The plaintiffs are not entitled to recover from the defendants the value of the property, unless they are unable to deliver it.   The defendants are entitled to satisfy the plaintiffs' claim by a delivery of the property sued for, and can be compelled to pay its value only in case such delivery cannot be had.   (*Etchepare* v. *Aguirre*, 91 Cal. 288.)   They may have purchased the property at the execution

sale for the express purpose of returning it to the plaintiffs if they should be defeated in the present action. This error, however, can be corrected by an amendment of the judgment, so that it may correspond with the verdict.

2. Whether the sale of the property by the Houghtons to the plaintiffs was "accompanied by an immediate delivery" which was "followed by an actual and continued change of possession" was a question of fact to be determined by the jury from the evidence before it. (*Godchaux* v. *Mulford*, 26 Cal. 316; 85 Am. Dec. 178; *Claudius* v. *Aguirre*, 89 Cal. 501.) There was evidence introduced at the trial which tended to show such delivery and change of possession, and the jury were properly instructed by the court in reference thereto. We cannot say that their verdict is not sustained by the evidence.

3. The objection to the admission in evidence of the certificate of partnership offered on behalf of the plaintiffs cannot be sustained. The requirement, in section 2466 of the Civil Code, that partnerships transacting business "under a fictitious name, or a designation not showing the names of the persons interested as partners in such business," must file and publish a certificate "stating the names in full of all the members of such partnership" shows that the object of the section is, that public notice shall be given and a public record made of the individual members of such partnerships with such definiteness and particularity that those dealing with them may at all times know who are the individuals with whom they are dealing, or to whom they are giving credit or becoming bound. The members of such partnership may be as fully identified and designated for this purpose by a certificate which states their names with the initials by which they are generally known, as they would be if their names were written therein at length.

The certificate in the present case is as follows: —

"We, the undersigned, L. H. Meads and J. D. Seaman, residents of San Miguel, San Luis Obispo County,

California, and E. S. Doud, resident of Oakland, California, do hereby certify that we are a copartnership transacting business in San Luis Obispo County, California, under the name and style of Meads, Seaman & Co." (signed by the partners in the same manner).

It is not shown or contended that the individual members of the partnership were not fully designated by their names as thus stated in the certificate, nor was there any evidence that their names are other than as stated therein.   (See *Nelson* v. *Doble,* 13 Cal. 74.)

The provision which requires a publication of the certificate " once a week for four successive weeks " is satisfied by one publication in each of four successive weeks.   Any act that depends upon such publication can be performed at any time after the expiration of four weeks from the first of such publications.   In the present case, the record shows that the certificate was published " for four successive weeks, commencing on the twenty-sixth day of August, 1887, and ending on the sixteenth day of September, 1887, and on the following dates: August 26, September 2, September 9, and September 16, 1887."   The action was not commenced until several months thereafter.

4. Appellants urge in their brief that the verdict is erroneous in finding for the plaintiffs for a return to them of the property described in the complaint, for the reason that it was shown at the trial that the sheriff did not take all of such property.   As they did not, however, in their statement of the case specify this as one of the particulars in which the evidence is insufficient to justify the verdict, we cannot consider it, the only specification being, " the evidence was insufficient to justify the jury in finding for the plaintiffs the amount found by their verdict"; but there is sufficient evidence to justify this part of the finding.   It may be that if such specification had been made, the plaintiffs would have caused certain evidence to be inserted in the statement in support of the verdict.   (*Winterburn* v. *Chambers,* 91 Cal. 170.)

5. The statement contains certain specifications of errors of law in excluding answers to questions asked by the defendants, but the appellants have not shown in their brief wherein such answers would be material to any issue before the jury, and from an examination of the record we are unable to perceive their materiality. It was not error for the court to allow oral testimony for the purpose of showing who constituted the members of S. Houghton & Sons, or for the purpose of showing who were the owners of the property prior to its sale to the plaintiffs.

The order denying a new trial is affirmed, but the court below is directed to correct the judgment as entered, by making it conform to the verdict, and as so corrected it will stand affirmed.

GAROUTTE, J., and PATERSON, J., concurred.