[Civ. No. 1641.   First Appellate District.—January 28, 1916.]

## FRED B. HILL, Respondent, v. P. NERLE et al., Appellants.

PLEADING—UNVERIFIED ANSWER—EFFECT OF—REMEDY OF PLAINTIFF.—
An unverified answer to a verified complaint does not admit all of
the allegations of the complaint to be true in the absence of a
seasonable objection to the failure of the defendant to verify his
answer. The remedy of the plaintiff in such a contingency is to
move the trial court to strike out the answer or for judgment upon
the pleadings for want of an answer.

ID.— LACK OF VERIFICATION — TRIAL WITHOUT OBJECTION — WAIVER. —
Where the case goes to trial and is heard and determined upon the
issues purporting to have been raised by the pleadings of the parties
without a previous objection upon the part of the plaintiff to the
lack of verification of the defendant's answer, the defect will be
deemed to have been waived.

ID.—ACTION FOR GOODS SOLD AND MONEYS ADVANCED—UNVERIFIED AN-
SWER—TRIAL WITHOUT OBJECTION—UNWARRANTED JUDGMENT.—In
an action for goods sold and delivered and for moneys advanced for
the payment of freight and transportation charges upon the goods,
the failure of the defendants to verify their answer to the plain-
tiff's verified complaint is not sufficient to support a judgment for
the moneys advanced as an admitted fact under the pleadings, where
it is found that the defendants were not indebted therefor, and no
motion to strike out the answer or for judgment on the pleadings
was made, and the case was tried upon the pleadings as presented.

ID.—CERTIFICATE OF PARTNERSHIP—USE OF INITIALS.—A certificate of
copartnership which sets forth the initials of the respective partners'
given names instead of their names in full is sufficient.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

J. T. Summerville, T. G. Elliott, Nathan C. Coghlan, and
Charles H. Hincken, for Appellants.

Fred L. Dreher, for Respondent.

THE COURT.—Appeal from judgment upon the judg-
ment-roll alone.

The plaintiff's complaint in this action consisted of two
counts: One for the sum of $190.85, alleged to be the balance

due for goods sold and delivered by plaintiff's assignors to the defendants; the other for the sum of $217.50, alleged to be due to the plaintiff's assignors from the defendant for moneys advanced for the payment of freight and transportation charges, etc., upon the goods alleged in the first count to have been sold and delivered to the defendants. The defendants answering denied generally and specifically all of the material allegations of the plaintiff's complaint. The complaint was verified; the answer was unverified. The case went to trial upon the pleadings as presented, and the trial court made its findings of fact, wherein it found that the sum of $336.36 was due from the defendant for the goods sold and delivered, notwithstanding the fact that the complaint alleges in the first count that there was due for and on account of such sale only the sum of $190.85. The trial court further found that the defendants did not, as alleged in the second count of the complaint, become indebted to plaintiff's assignors in the sum of $217.50, nor in any other sum for moneys paid and advanced by plaintiff's assignors in payment of freight and transportation charges upon the goods found to have been sold and delivered to the defendants.

The plaintiff prayed for judgment in the sum of $336.36, and that amount, it will be noted, is the aggregate of the sums, separately stated and set forth in each of the two counts of the complaint.

The point is now made in support of the appeal from the judgment that the judgment is not supported in its entirety by the findings as made, and therefore should be modified to the extent of striking therefrom the sum of $217.50, which the court allowed in its judgment, but which it found was not owing by the defendants. Counsel for the plaintiff answers this contention by asserting that the defendants, having failed to verify their answer to the plaintiff's verified complaint, the allegations of the complaint with respect to the payment by plaintiff's assignors for the benefit of the defendants of the sum of $217.50 for freight charges, etc., stand as admitted; and it is insisted that the finding, therefore, that the defendants were not indebted in any sum to the plaintiff's assignors for moneys advanced for transportation charges is contrary to an admitted fact in the case, and may be treated as surplusage, and the admitted fact of the complaint resorted to in aid and in support of the judgment.

We do not understand it to be a rule of pleading that an unverified answer to a verified complaint admits all of the allegations of the complaint to be true in the absence of a seasonable objection to the failure of the defendant to verify his answer. The remedy of the plaintiff in such a contingency is to move the trial court to strike out the answer or for judgment upon the pleadings for want of an answer (*McCullough v. Clark*, 41 Cal. 298), and we understand it to be the rule that if the case goes to trial and is heard and determined upon the issues purporting to have been raised by the pleadings of the parties without a previous objection upon the part of the plaintiff to the lack of verification of the defendant's answer, the defect will be deemed to have been waived. (*Greenfield v. Steamer Gunnell*, 6 Cal. 67; *McCullough v. Clark*, 41 Cal. 298; *People v. Reis*, 76 Cal. 269, [18 Pac. 309]; *City and County of San Francisco v. Itsell*, 80 Cal. 57, [22 Pac. 74].)

No motion to strike out or for judgment on the pleadings was made in the present case. The findings indicate with sufficient certainty that the case was tried and determined upon the issues purporting to have been made by the complaint and answer thereto, and consequently the plaintiff will not now be heard to complain of the want of a verification to the defendant's answer.

The finding of the trial court that the defendants were indebted to the plaintiff's assignors in the sum of $336.36 for goods sold and delivered is not fully supported by the allegations of the complaint, and inasmuch as the trial court found that the defendants were not indebted to the plaintiff's assignors in the sum of $217.50, it is obvious that the judgment entered upon the findings is excessive, and must be modified.

There is no merit in the contention that the judgment is not supported by the complaint or findings, for the reason, as claimed, that the complaint alleges that "a certificate stating the names in full of all the members of said copartnership, etc.," in compliance with sections 2466 and 2468 of the Civil Code, was filed and published, whereas it was found that the names in full of all the members of said copartnership were not set forth in said certificate. The findings show that initials were used in the certificate for the respective partners' given names, but they also show that said partners were generally known by the names as thus given, and it has been held that a certificate which states the names of each of the

partners with the initials by which they are generally known is sufficient. (*Meads etc. Co.* v. *Lasar*, 92 Cal. 221, [28 Pac. 935].)

For the reasons above set forth it is ordered that the judgment be modified by striking therefrom all in excess of the sum of $190.85, and as thus modified it shall stand affirmed.