Filed 4/14/21  Redjai v. Nationstar Mortgage, LLC CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAMIN REDJAI, | |
| Plaintiff and Appellant, | G058005 |
| v. | (Super. Ct. No. 30-2016-00885843) |
| NATIONSTAR MORTGAGE, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

IronCastle Law and Michele E. IronCastle for Plaintiff and Appellant.

Troutman Sanders, Patrick J. Kane, D. Kyle Deak pro hac vice, for Defendant and Respondent.

\*          \*          \*

In 2005, plaintiff Ramin Redjai secured a refinancing loan for his property through a deed of trust. When Redjai defaulted on the loan, Nationstar Mortgage, LLC (Nationstar) sought to enforce the agreement through collection or foreclosure. Redjai sued Nationstar and its trustee for wrongful foreclosure, unfair debt collection, fraud, declaratory relief, and other claims.

The trial court granted Nationstar's summary adjudication motion on several of Redjai's causes of action. Later, the parties filed cross-motions for summary judgment on Redjai's remaining claims. The court granted Nationstar's motion and entered a judgment of dismissal.

Redjai challenges the trial court's summary adjudication and summary judgment orders and the denial of his own competing summary judgment motion. He contends Nationstar has no legal basis to enforce the deed of trust assignments because they are void as a matter of law. He also argues an earlier loan servicer in 2013 forgave the unpaid balance on his refinance loan. He further argues the court erred in granting Nationstar summary judgment because there were triable issues of material fact entitling him to a jury trial. Finally, he contends his expert's opinions about recorded documents and accounting entries entitled him to summary judgment.

We conclude the trial court properly overruled his objections to Nationstar's documentary evidence, no triable issue of material fact exists, and the trial court correctly ruled in favor of Nationstar. We therefore affirm the judgment.

I

FACTS AND PROCEDURAL HISTORY

In 2005, Redjai refinanced his home loan, signing a trust deed to secure a promissory note for about $1.3 million. The lender was identified as Countrywide Home

2

Loans, Inc. (Countrywide) and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary "acting solely as a nominee for" Countrywide.[1]

*A. Redjai's Loan Modification Payments and Bankruptcy Discharge*

In 2008, Bank of America purchased Countrywide. (See *Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 864, fn.1.) In September 2009, Redjai entered into a trial loan modification agreement with Bank of America and, over the next 10 months, made about $49,000 in periodic payments. Redjai made his last payment in July 2010 and filed a voluntary bankruptcy petition in January 2011. Four months later, the bankruptcy court discharged Redjai's personal liability for debts.

After the bankruptcy discharge, Nationstar informed Redjai in September 2013 it was the new loan servicer for Redjai's refinance loan, as successor to Bank of America. Redjai informed Nationstar that Bank of America "never accounted for the $49,000" Redjai paid to Bank of America on the refinance loan. Over the next few years, Redjai and Nationstar discussed Redjai's claim about discrepancies in the amount owed on the loan and Redjai's failure to make any payments on the debt.

*B. Assignments of the Trust Deed*

In 2011, MERS assigned the trust deed to U.S. Bank National Association (U.S. Bank), which received the assignment "as trustee, for the benefit of Harborview 2005-2 Trust Fund." Two years later, in 2013, U.S. Bank executed a corporate

---

[1] MERS "was formed by a consortium of residential mortgage lenders and investors to streamline the transfer of mortgage loans and thereby facilitate their securitization." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 931, fn. 7 (*Yvanova*).) "'[It] administers a national registry of real estate debt interest transactions. Members of the MERS System assign limited interests in the real property to MERS, which is listed as a grantee in the official records of local governments, but the members retain the promissory notes and mortgage servicing rights. . . . Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as "nominee" for the lender, and granted the authority to exercise legal rights of the lender.'" (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 816, fn. 6 (*Saterbak*).)

assignment of the trust deed, giving Nationstar "all beneficial interest under" the trust deed.

In December 2015, Nationstar designated Barrett Daffin Frappier Treder, & Weiss, LLP (Barrett) as the trust deed's trustee. One day later, Barrett initiated proceedings to sell Redjai's property when he filed in the county recorder's office a "Notice of Default and Election to Sell Under Deed of Trust." The default notice alleged a balance of $387,145.53 owed and advised a foreclosure sale of the home would occur if the balance was not timely paid. Three months later, in March 2016, Barrett also filed a "Notice of Trustee's Sale."

The following month, in April 2016, Nationstar assigned its interest under the trust deed back to U.S. Bank, identified this time "as trustee for [the benefit of] Harborview Mortgage Loan Trust 2005-2, Mortgage Loan Pass-Through Certificates, Series 2005-2." In 2018, Barrett filed a notice of rescission for the default notice. No foreclosure sale of the property occurred.

C. *Redjai's Complaint and Summary Judgment*

In November 2016, Redjai filed this lawsuit against Nationstar and Barrett, disputing the amount of debt owed under the refinance loan and the defendants' rights to enforce the loan's security interest against his property. Redjai alleged 12 causes of action for: (1) wrongful foreclosure; (2) filing a void notice of default (Civ. Code, § 2923.55); (3) filing an inaccurate declaration on the amount owed in the default notice (Civ. Code, § 2924.17); (4) cancellation of the default notice and notice of trustee's sale; (5) violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.); (6) violation of the Fair Debt Collections Practices Act (FDCPA); (7) deceit; (8) fraud; (9) constructive fraud; (10) declaratory relief; (11) violation of the Truth In Lending Act (15 U.S.C. §1641); and (12) negligence.

Nationstar filed an unverified answer to Redjai's verified complaint. In May 2018, after written discovery and depositions, Nationstar filed a motion for

4

summary judgment or, alternatively, summary adjudication. The court denied summary judgment, but granted summary adjudication on four out of nine issues raised. In October 2018, Nationstar and Redjai filed competing summary judgment motions. Nationstar and Redjai filed evidentiary objections to evidence the other party offered and Redjai submitted a declaration from Marla Giddings, his proposed expert witness on real property transactions.

The trial court granted Nationstar's summary judgment motion on Redjai's remaining seven causes of action: violating the unfair competition law; violating the FDCPA; deceit; fraud; constructive fraud; declaratory relief; and violating the Truth In Lending Act. The court sustained Nationstar's objection that Giddings's declaration offered improper legal conclusions and overruled all of Redjai's evidentiary objections to Nationstar's evidence.

Three days later, the trial court denied Redjai's ex parte application "for an order to calendar oral argument [on] the court's ruling [for] Nationstar's motion for summary judgment." Redjai filed a notice of appeal, two months before the court entered judgment in favor of Nationstar and Barrett.

II

DISCUSSION

Redjai challenges the trial court's rulings on Nationstar's first and second summary judgment motions. Although Redjai based his notice of appeal on the court's nonappealable minute orders, we treat his appeal as based on the judgment. (See *Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 14, fn.1; Cal. Rules of Court, rule 8.100(a)(2) [notice of appeal, which must be liberally construed, "'sufficient if it identifies the particular judgment or order being appealed'"].)

As noted, Redjai also appeals the court's denial of his own summary judgment motion. Although Redjai did not challenge the court's denial of his motion by a writ petition within 20 days after service of the written notice of order entry (Code Civ.

5

Proc., § 437c, subd. (m)(1)), we conclude Redjai also could appeal the denial of his motion. (*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 344.)

*A. Summary Judgment Standards*

We review de novo the trial court's summary judgment rulings to determine whether any triable issue of material fact exists. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) "We do not resolve factual issues but ascertain whether there are any to resolve." (*American States Ins. Co. v. Progressive Casualty Ins. Co.* (2009) 180 Cal.App.4th 18, 25.)

The moving party bears the initial burden of production to make a prima facie showing no triable issue of material fact exists. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the moving party carries this burden, it shifts to the opposing party to make a prima facie showing a triable issue of material fact exists. (*Ibid.*) The moving party at all times bears the burden of persuasion there is no triable issue of material fact and it is entitled to judgment as a matter of law. (*Ibid.*)

The moving party's papers are strictly construed and the opposing party's papers are liberally construed, with all doubts on the propriety of granting summary judgment resolved in favor of denying it. (*Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 502.) Similarly, we strictly construe the moving party's evidence and liberally construe the opposing party's evidence. (*City of Vista v. Robert Thomas Securities, Inc.* (2000) 84 Cal.App.4th 882, 886.)

*B. Redjai's Untimely Objection to Nationstar's Unverified Answer Forfeited the Issue*

As a threshold issue, Redjai contends the trial court abused its discretion by finding he waived his argument that Nationstar admitted all of the allegations in Redjai's complaint when Nationstar filed an unverified answer to his verified complaint. Redjai argues the court should have deemed his allegations admitted.

Nationstar contends Redjai forfeited his verification challenge because he "failed to timely move to strike [Nationstar's unverified a]nswer or move for judgment

6

on the pleadings." In November 2016, Redjai's previous counsel filed a 173-paragraph verified complaint. In January 2017, Redjai took over his case and acted as a pro per plaintiff. Nationstar filed its unverified answer two weeks later and within five months, Redjai filed motions to compel Nationstar to provide further discovery responses.

In March 2018, Redjai's present counsel substituted into this case. Nationstar filed its first summary judgment motion two months later, in May. The next month, Redjai's counsel asked Nationstar's counsel about Nationstar's unverified answer. Although Nationstar's counsel agreed to file a verified answer, no verification was filed.

In rejecting Redjai's attack on Nationstar's lack of verification at the summary judgment stage, the trial court concluded Redjai had "waived [his] argument by not making it sooner and failing to move to strike the answer." The court explained Redjai failed to raise the issue in a motion to strike the answer. The court also found Redjai forfeited the argument "by not making it sooner," emphasizing that Redjai had not raised the issue in Nationstar's first summary judgment motion. Redjai relies on *Hill v. Nerle* (1916) 29 Cal.App. 473, 475 to argue he "had a choice of how to attack [Nationstar's a]nswer[,] which [he chose to do through] his [summary judgment motion]." Nationstar relies on *Zavala v. Board of Trustees* (1993) 16 Cal.App.4th 1755, 1761, which held that a motion to strike is the proper procedural device when a party fails to verify a pleading and the motion "'may be made only upon timely notice.'"

The issue here is the timeliness of Redjai's motion and not, as he claims, whether he could raise the issue in a summary judgment proceeding. Although Nationstar filed its unverified answer in January 2017, Redjai failed to raise the issue until filing his own summary judgment motion in October 2018. Redjai offered no reasonable explanation for the lengthy delay. Treating Redjai's summary judgment motion as a motion for judgment on the pleadings would have once again delayed the case because courts must grant leave to amend where "the defect can reasonably be cured by amendment." (*Camacho v. Automobile Club of Southern California* (2006)

142 Cal.App.4th 1394, 1398, fn. 4.) Under these circumstances, the court did not abuse its discretion in finding Redjai's attack on Nationstar's answer was untimely.

*C. Redjai's Challenges to the Trial Court's Evidentiary Rulings*

Next, Redjai contends the trial court "fail[ed] to rule on [his] evidentiary objections" for Nationstar's first summary judgment motion and, on its second summary judgment motion, the court erroneously "overruled each and every objection that [Redjai] raised [against] Nationstar's evidence." Redjai additionally asserts the court "improperly ruled on a number of Nationstar's [o]bjections to his evidence."

We review Redjai's evidentiary objections for Nationstar's first summary judgment motion de novo, and the court's evidentiary rulings for Nationstar's second summary judgment motion for abuse of discretion. (See *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535 [applying de novo review when trial court did not rule on objections and abuse of discretion standard to evidentiary rulings].) Under both standards of review, we conclude there is no basis to reverse the judgment because the court did not err in admitting evidence material to resolving the summary judgment motions. (See *Serri v. Santa Clara* University (2014) 226 Cal.App.4th 830, 857 ["'an erroneous evidentiary ruling requires reversal only if "there is a reasonable probability that a result more favorable to the appealing party would have been reached in the absence of the error"'"].)

Specifically, Redjai objects to the trial court's reliance on the evidentiary value of the trust deed, its purported assignments, the default notice, and the trustee's sale notice (collectively, the recorded documents). Redjai objected to the documents as hearsay and also argued they lacked foundation and were not authenticated. But Redjai asked the court to take judicial notice of the same recorded documents he now finds objectionable. Redjai also submitted the same documents to support his expert witness's declaration.

Redjai's reliance on the recorded documents resolves his objections based on lack of authenticity. A party may authenticate a writing when the party against whom

it is offered has treated the writing as authentic. (Evid. Code § 1414 ["[a] writing may be authenticated by evidence that: [¶] (a) The party against whom it is offered has at any time admitted its authenticity; or [¶] (b) The writing has been acted upon as authentic by the party against whom it is offered"].) This also resolves Redjai's objections to lack of personal knowledge and foundation. Redjai's reliance on the documents constitutes "sufficient evidence for a trier of fact to find that the writing is what it purports to be, i.e., that it is genuine for the purpose offered. [Citation.] Essentially, what is necessary is a prima facie case. 'As long as the evidence would support a finding of authenticity, the writing is admissible. The fact conflicting inferences can be drawn regarding authenticity goes to the document's weight as evidence, not its admissibility.' [Citation.]" (*People v. Goldsmith* (2014) 59 Cal.4th 258, 267.)

On Redjai's hearsay objection, the recorded documents fall under "'a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said [or done] and not . . . whether these things were true or false, and in these cases the words [or acts] are admissible not as hearsay, but as original evidence.'" (*Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 109; see 1 Witkin, Cal. Evidence (5th ed. 2012) Hearsay, § 32, pp. 825-826.) In other words, the recorded documents were admissible as "operative contractual document[s] admissible . . . upon adequate evidence of authenticity." (*Remington Investments, Inc. v. Hamedani* (1997) 55 Cal.App.4th 1033, 1042.) As noted, Redjai implicitly acknowledged their authenticity when he acted upon them. The trial court did not err in finding the recorded documents admissible.

The trial court also did not err in admitting the notice of rescission Barrett filed at Nationstar's request. Although this document was not a part of Redjai's request for judicial notice, Barrett's vice-president, Jorge Rios-Jimenez, laid a sufficient foundation of personal knowledge to both authenticate the recorded rescission and qualify it as a business record under Evidence Code section 1271. In sum, the court

9

properly admitted the recorded documents and the notice of rescission to resolve the competing summary judgment motions.

Redjai cites to *Wong v. Regents of University of California* (9th Cir. 2005) 410 F.3d 1052, 1060 and *Fonseca v. Sysco Food Services of Arizona, Inc.* (9th Cir. 2004) 374 F.3d 840, 845, without discussing either case. We deem waived whatever arguments Redjai intended to advance by relying on these opinions. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*) ["'[w]e are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument . . . allows this court to treat the contentions as waived'"].)

*D. The Trial Court Did Not Err in Excluding the Declaration of Redjai's Expert*

Redjai submitted a declaration from Marla Giddings, his expert, to support his argument the recorded documents were "void" as a matter of law and Bank of America had discharged Redjai's refinance loan in 2013. Alternatively, he contends Giddings's declaration created a triable issue of material fact. We conclude Giddings's legal conclusion about the documentary evidence was properly excluded.

1. Exclusion of Giddings's Declaration

On Redjai's voidness argument, Giddings opined: "Based on [a] review of [] documents provided by [Redjai] . . . I have concluded that [Nationstar] never had the proper legal authority to assign [Barrett] as the trustee of the deed of trust. Further; [*sic*] defendants [i.e., Nationstar and Barrett] lacked the authority to initiate and conduct the foreclosure proceedings against Ramin Redjai and the property [] as the purported 'beneficiary' and trustee of the 'deed of trust.'"

Giddings asserted the initial assignment from MERS to U.S. Bank was "not valid [because] it [was not an arm's] length transaction, deficient[,] and void on its face," based on the purportedly invalid trust name. Giddings asserted the "purported securitization trust at the time of the note being deposited in the trust was [HARBORVIEW MORTGAGE LOAN TRUST 2005-2, MORTGAGE LOAN PASS-

THROUGH, SERIES 2005-2]"—the entity named as an assignee in Nationstar's 2016 assignment—and the inclusion of "Trust Fund" in the beneficiary name of the 2011 assignment meant it "would [not] be able to serve as a REMIC trust and Securitization Trust [because a] Trust Fund is most often used for estate planning or bankruptcy procedures and serves a completely different purpose than a securitization trust."

Giddings opined that, "[a]s a result of the defendants [i.e., Nationstar and Barrett] lacking a proper and legal conveyance of rights and interest from the purported beneficiary all subsequent assignments and substitution of trustee and Deed of Trust is [*sic*] fatal and VOID." For example, Giddings opined the 2013 corporate assignment to Nationstar was void because the trust deed "was not conveyed from the correct legal entity."

Giddings opined the promissory note Redjai had signed for his refinance loan could not "be secured by a deed of trust" because it was not "self authenticating," based on her review of "various sections of the law pertaining to the negotiability and transfer of promissory notes under the Uniform Commercial Code." Giddings quoted a 2013 written communication to Redjai from Nationstar claiming Deutsche Bank National Trust Company (Deutsche Bank) was then the trustee for the current owner of the note: "Harborview Series 2005-2G." Giddings asserted that, given there were "no [recorded] assignments of any kind from or to" Deutsche Bank, Nationstar "lack[ed] the information to disclose the true identity of the purported beneficiary" of the trust deed and opined the "conflicting" information "render[ed] all the assignments recorded by [Nationstar]" void.

On whether Bank of America had discharged Redjai's refinance loan in 2013, Giddings gave opinions based on her review of "accounting information submitted by [Nationstar]." Giddings asserted "line item[s]. . . show[ing] the date the collection of the alleged debt began . . . [and] a 'NEW LOAN NOCASH' [item] entry" meant "defendant was transferred a discharged debt line item [to] which they applied a new number . . . for purposes of collection." Giddings asserted the entry was "a

11

misrepresentation of the true status of the original" loan and could "only mean . . . a discharge of the old loan [occurred] on or about [September 5, 2013]."

Giddings asserted "[i]t [wa]s not industry practice to change the number that reflects the asset line item [because e]ach number was intended to reflect the identity of the original debt line item throughout the life of the loan." She also asserted "[i]f the 'Loan Number' is changed that means the associated asset line item was discharged or written off and the asset was transferred to a collector for collections." Giddings also asserted language in Barrett's trustee's sale notice—"'You will be bidding on a lien, not a property itself'"—was "clear evidence as to the alleged debt having been discharged at some point prior to the filing of the [notice,] by the note holder."

Among other objections, Nationstar asserted Giddings improperly offered legal opinions when she declared Nationstar "never had the proper legal authority to assign [Barrett] as the trustee of the deed of trust" and Nationstar and Barrett "lacked the authority to initiate and conduct the foreclosure proceedings." The trial court sustained the objection, explaining Giddings's declaration was inappropriate "because she [was] making legal conclusions about the enforceability of the deed of trust."

2. Analysis

To prove the assignments in this case were void, Redjai offered Giddings's declaration addressing his claim Nationstar could not "identify the legal owner of the Note." Redjai has a more fundamental problem, however. The Supreme Court in *Yvanova* emphasized its decision was a "narrow one" that only applied to borrowers who already have suffered a nonjudicial foreclosure, not to borrowers who seek to "preempt a threatened nonjudicial foreclosure." (*Yvanova*, *supra*, 62 Cal.4th at p. 924.) Here, it is undisputed Nationstar has not conducted a nonjudicial foreclosure on Redjai's residence. (*Saterbak*, *supra*, 245 Cal.App.4th at p. 816, fn. 6 [*Yvanova* applies only in the postforeclosure context].) Consequently, Redjai lacks standing to challenge the validity of the assignments. (*Saterbak*, at p. 814 ["California courts do not allow such preemptive

12

suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature'"].)

Redjai fares no better when we consider the merits of his arguments. Redjai claims Giddings's declaration supported his contention the deed of trust assignments were void as a matter of law "or disputable and subject to jury determination." Giddings's declaration, however, does not establish the assignments were void even if *Yvanova* applied.

In *Yvanova*, *supra*, 62 Cal.4th at p. 939, our Supreme Court held that a borrower suing to set aside or recover damages for a wrongful foreclosure has standing to assert defects in an assignment of the borrower's note and deed of trust to the foreclosing entity only when the defects render the assignments void, rather than merely voidable. Void contracts are without legal effect and therefore nonbinding on any party to the agreement. (*Id.* at p. 929.) The parties to a voidable contract, however, have the power to either avoid the contract or ratify it. "It may be declared void but is not void in itself." (*Id.* at p. 930.)

A borrower who is not a party to a voidable assignment may not challenge it. (*Yvanova*, *supra*, 62 Cal.4th at p. 936.) Allowing a borrower to challenge a voidable assignment would let the nonparty borrower decide whether to extinguish the assignment rather than ratify it. In contrast, the parties to a void assignment can do nothing to validate it, so a borrower may assert the unavoidable consequence of the void assignment. (*Id.* at pp. 935-937.)

Here, Giddings's declaration does not raise a triable issue of material fact on whether any recorded document was void as a matter of law. Giddings based her opinions on conjectural or speculative matters. (*Korsak v. Atlas Hotels, Inc.* (1992) 2 Cal.App.4th 1516, 1524 (*Korsak*).) For example, although she asserted the inclusion of "Trust Fund" in the beneficiary name of the 2011 assignment meant it "would [not] be able to serve as a REMIC trust and Securitization Trust," there is no meaningful factual

basis presented to assess how Giddings arrived at that conclusion. (See *Chavez v. Glock, Inc.* (2012) 207 Cal.App.4th 1283, 1321 (*Chavez*) [expert's "conclusory" opinion insufficient to establish triable issue of material fact].) Moreover, Giddings's declaration is rife with legal conclusions. For example, she declared Nationstar lacked a legally valid basis to proceed against Redjai because the correct legal entity did not assign its rights to Nationstar and therefore all the recorded assignments were void. The trial court correctly concluded legal determinations reside with the courts, not with expert witnesses. (See *People v. Jones* (2013) 57 Cal.4th 899, 950, quoting *Downer v. Bramet* (1984) 152 Cal.App.3d 837, 841 [Improper for experts "'to testify to legal conclusions in the guise of expert opinion'"].)

Similarly, Redjai did not raise a triable issue of material fact on whether Bank of America or any other authorized entity voluntarily waived his debt. We note Giddings's declaration, dated October 2018, does not show she reviewed the May 2018 deposition testimony of Nationstar's person most knowledgeable, Simon Ward-Brown, who explained a new loan number was assigned because "when [Nationstar] acquire[d] servicing rights to loans, [it] then assign[ed a] loan number to match up with [its] particular servicing systems." Given this point and the context of Redjai claiming the balance of his refinance loan was forgiven—more than $350,000—without any confirming documentation or corroborating personal knowledge testimony, Redjai has failed to establish a triable issue of material fact that an unpaid balance for his refinance loan ceased to exist. (*Korsak*, *supra*, 2 Cal.App.4th at p. 1524; *Chavez*, *supra*, 207 Cal.App.4th at p. 1321.)

Based on our independent review of Giddings's declaration and the broader record in this case, we reject Redjai's contention he is entitled to a jury trial. Redjai has not established a triable issue of material fact exists on whether recorded documents were "void" or whether Bank of America earlier discharged the balance owed on Redjai's refinance loan.

14

*E. Review of the Trial Court's Rulings on Redjai's Causes of Action*

Next, we review whether the trial court erred in granting summary adjudication and summary judgment on Redjai's causes of action.

1. Wrongful Foreclosure

On Redjai's first cause of action, for wrongful foreclosure, the trial court granted summary adjudication on Nationstar's contention there was no triable issue of fact "because the loan [was] in default, no foreclosure sale ha[d] taken place, and no foreclosure [was] pending." Given the undisputed fact no foreclosure sale has occurred and the applicable rule that Redjai cannot litigate a preemptive judicial action to determine whether Nationstar can initiate nonjudicial foreclosure (*Saterbak*, *supra*, 245 Cal.App.4th at p. 814; see also *Yvanova*, *supra*, 62 Cal.4th at p. 924), the court correctly granted summary adjudication in favor of Nationstar on Redjai's first cause of action.

2. Homeowner Bill of Rights Violations

Redjai's second and third causes of action alleged Nationstar violated the Homeowner Bill of Rights when it failed to contact him before filing its default notice (Civ. Code, § 2923.55 [prerecording requirements for default notice] and filing an inaccurate declaration on Redjai's loan status in its default notice. (Civ. Code, § 2924.17 [accuracy requirements for recorded declarations].) The trial court granted summary adjudication on these claims when Redjai agreed Nationstar had rescinded its default notice.

"'The Homeowner Bill of Rights . . . was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options . . . . ."'" (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1114-1115 (*Schmidt*), quoting *Valbuena v. Ocwen Loan Servicing, LLC* (2015) 237 Cal.App.4th 1267, 1272.) The framework includes a safe harbor provision to "encourag[e] the curing of violations: "'A mortgage servicer . . .

15

shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of the trustee's deed upon sale.'" (*Schmidt*, *supra*, 28 Cal.App.5th at p. 1115, quoting Civ. Code, § 2924.12, subd. (c).) Redjai does not dispute the existence of a safe harbor, but argues Nationstar is not entitled to its benefit because it "never had any legal authority to act." Redjai's argument rests on his claim the "assignments of [his trust deed] were void." We explained above that no basis has been shown to support this contention, and therefore we conclude the safe harbor applies. The trial court correctly granted summary adjudication in favor of Nationstar on Redjai's second and third causes of action.

### 3. Unfair Competition Law[2]

Redjai's fifth cause of action alleged Nationstar violated the unfair competition law (UCL). To state a UCL claim, the plaintiff must allege a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice." (Bus. & Prof. Code, § 17200.) The UCL "'borrows' violations from other laws by making them independently actionable as unfair competitive practices." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1143.) To establish standing to bring a private UCL claim, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.)

Redjai alleged Nationstar violated the UCL by executing and recording "misleading documents" to collect a debt that had been discharged; filing an inaccurate

---

[2] Redjai does not challenge the trial court's rejection of his fourth cause of action seeking cancellation of the default notice and trustee's sale notice. Redjai agreed below that Nationstar's rescission of its default notice rendered the claim moot.

16

default notice; executing and recording documents without legal authority; and using fraudulent and deceitful debt collection practices. To establish standing, Redjai argued "a foreclosure risk is sufficient to meet the injury in fact prong." The trial court, however, rejected this cause of action in its summary judgment ruling because Redjai had not suffered a loss because no foreclosure sale occurred and therefore Redjai did not suffer an economic injury.

We agree Redjai has not established an injury in fact. It is undisputed Nationstar rescinded its default notice and stopped nonjudicial foreclosure proceedings. Redjai offered no evidence of an economic loss or injury from the *risk* of foreclosure. Any injury from a potential foreclosure is speculative. We see no legal or evidentiary basis to find the existence of an injury that has not occurred.

Redjai's reliance on our decision in *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*), disapproved on another ground in *Yvanova, supra,* 62 Cal.4th at p. 939, fn. 13, is distinguishable. There, we held a plaintiff satisfies the UCL's economic injury prong based on the "impending foreclosure of her home." (*Jenkins, supra,* 216 Cal.App.4th at p. 522.) An impending foreclosure evidences the beneficiary's intent to complete the nonjudicial foreclosure process and therefore diminishes the plaintiff's future property interest. (*Ibid*.) Here, Nationstar rescinded its default notice and no foreclosure proceedings were pending. Whether Nationstar renews its efforts to foreclose is speculative. Simply put, Redjai has not produced any evidence of an economic injury.

Even if Redjai could show economic harm, he cannot show Nationstar's actions caused his alleged injury. As we explained in *Jenkins*, the plaintiff's "home [had become] subject to nonjudicial foreclosure because of [the plaintiff's] default on her loan, which occurred before [d]efendant's alleged wrongful acts." (*Jenkins, supra,* 216 Cal.App.4th at p. 523.) Consequently, the *Jenkins* court held the homeowner could not "assert the impending foreclosure of her home (i.e., her alleged economic injury) was

17

caused by [defendants'] wrongful actions." (*Ibid.*) So it is here. Redjai's payment obligations remained the same even if the promissory note was transferred in a voidable assignment. Redjai defaulted on payments owed under his refinance loan more than three years before Nationstar assumed its obligations to service the loan. No triable issue of fact shows otherwise. We therefore conclude Redjai's UCL claim also fails because he cannot satisfy the UCL's causation requirement necessary to establish standing.

4. Federal Debt Collection Practices Act

Redjai's sixth cause of action alleged Nationstar violated the FDCPA because it attempted to collect a debt that was discharged by its predecessor (Bank of America), misrepresented the amount of the debt, attempted to coerce payment by seeking nonjudicial foreclosure, and attempted to collect on amounts discharged in bankruptcy. Redjai contests the trial court's rejection of his FDCPA claim, but we need not dwell on his arguments given the United States Supreme Court's recent guidance in *Obduskey v. McCarthy & Holthus LLP* (2019) ___ U.S. ___ [139 S.Ct. 1029]. There, the high court held that "but for [15 U.S.C. section] 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors" under the FDCPA. (*Id.* at p. 1031.) Section 1692f(6) prohibits taking or threatening nonjudicial action to dispossess property if there is no present right to possession, no present intention to take, or the property is legally exempt from being taken. (See *Dowers v. Nationstar Mortgage, LLC* (9th Cir. 2017) 852 F.3d 964, 970-971.)

Redjai does not dispute Nationstar is a "mortgage loan servicer" and the conduct at issue pertains to nonjudicial foreclosure activity. Based on *Obduskey's* holding, Redjai's only ground for claiming Nationstar violated the FDCPA rests on his argument that Nationstar "does not have any legal authority to act as to [Redjai]'s [n]ote, [trust d]eed, [p]roperty[,] or debt." (See 15 U.S.C. § 1692f, subd. (6)(A) & (B).) But this too fails because we previously rejected his claim of void assignments and concluded there is no triable issue of material fact on his claim the debt on his loan had been

18

discharged. The trial court correctly concluded Redjai was not entitled to a jury trial on his FDCPA claim.

5. Deceit, Fraud, and Constructive Fraud

On Redjai's seventh, eight, and ninth causes of action, for deceit, fraud, and constructive fraud, respectively, the trial court granted summary judgment in favor of Nationstar. The court found Nationstar met its initial burden of production to show it was the rightful servicer of Redjai's refinance loan, the loan was not discharged, a balance was past due, and Nationstar did not have a fiduciary relationship with Redjai. The court found Redjai failed to show a triable issue of material fact existed on Nationstar's evidence, and specifically rejected Redjai's claims there was a defective chain of title for his refinance loan and Bank of America had discharged the loan debt in 2013.

Among other necessary elements to establish a defendant's liability, the claims of deceit, fraud, and constructive fraud share a common element: reliance. In other words, a plaintiff must rely on the defendant's purported misrepresentation. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974 [deceit action requires proof of ""'justifiable reliance'""]; *Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1059-1060 [same for fraud]; see also *Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1131 (*Prakashpalan*) ["elements of constructive fraud cause of action [include] 'reliance and resulting injury'"].)

Nationstar contends "the record is clear that [Redjai] presented no evidence of actual reliance" on any purported misrepresentation. Redjai, on the other hand, contends he "relied on [Nationstar]'s intentional misrepresentations," which included Nationstar's representations it was the loan servicer "when he contacted [it] in 2013 regarding the missing $49,000.00, as well as when [Redjai] served debt validation notices to seek a verification of the debt." Redjai also asserts he relied on Nationstar's purported misrepresentation that it "would foreclose on his property without verifying the debt and without the legal right to do so." (Record citations omitted.)

19

None of Redjai's offered facts in his summary judgment motion's separate statement or in his opposition to Nationstar's summary judgment motions demonstrate he relied on any claimed misrepresentation by Nationstar. Accordingly, we agree with Nationstar that Redjai failed to demonstrate a triable issue of material fact on whether he relied on an alleged misrepresentation. Additionally, on Redjai's constructive fraud claim, he has not demonstrated the """"confidential or fiduciary relationship"""" required for that claim. (*Prakashpalan*, *supra*, 223 Cal.App.4th at p. 1131 [confidential or fiduciary relationship required to show constructive fraud].) Redjai argues Nationstar fraudulently produced different versions of the note he signed in 2005. But even if true, it does not show Redjai relied on a purported misrepresentation or that it created a fiduciary relationship necessary to establish constructive fraud. (*Ibid.* [elements of constructive fraud include reliance].) In sum, the trial court correctly found Redjai was not entitled to a jury trial on his seventh, eight, and ninth causes of action.

6. Declaratory Relief

Redjai's 10th cause of action for declaratory relief sought a "judicial determination" that Nationstar does not have authority to enforce on his property the security interest created when he obtained a refinance loan in 2005. Redjai asserted as grounds for relief the security interest's purportedly defective chain of title, Bank of America's purported discharge of the promissory note debt in 2013, Nationstar's violation of the FDCPA, and its lack of authority to "act" on the note because it had not demonstrated a "legally required indorsement [on the note]." The trial court granted summary judgment in favor of Nationstar based on its conclusion "Nationstar [wa]s the servicer of the loan and that Redjai [wa]s in default." The court concluded Redjai had not shown a triable issue of material fact, rejecting his arguments that Bank of America had discharged the debt and Nationstar had not established a proper chain of title for the security interest on his refinance loan.

20

"'"The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject." [Citation.]'" (*Jenkins*, *supra*, 216 Cal.App.4th at p. 513.) "Whether a claim presents an "'actual controversy' [under] Code of Civil Procedure section 1060 is a question of law that we review de novo." [Citation.]'" (*Id.* at p. 514.) Outside of injunctive relief not sought here (see, e.g., Civ. Code, §§ 2924.12, subd. (a)(1) & 2924.19, subd. (a)(1)), we do not recognize "preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" (*Saterbak*, *supra*, 245 Cal.App.4th at p. 814; see *Perez v. Mortgage Electronic Registration Systems, Inc.* (9th Cir. 2020) 959 F.3d 334, 340 [following California appellate court holdings "that California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place"].)

Accordingly, given it is undisputed Nationstar has not conducted a nonjudicial foreclosure on Redjai's residence and none is pending, Redjai has failed to establish the existence of a triable issue of material fact on his declaratory relief cause of action.

### 7. Truth In Lending Act Violation

Redjai's 11th cause of action alleged Nationstar violated the Truth In Lending Act. (15 U.S.C. § 1641.) The trial court found Redjai's claim was time-barred. It is undisputed Redjai received a letter from Nationstar in September 2013 advising it was the new servicer for the refinance loan and that Redjai did not file his complaint until November 2016. Accordingly, Redjai has failed to show a triable issue of material fact on whether his 11th cause of action is time-barred. (15 U.S.C. § 1640 [one and three years statute of limitations provisions].)

### 8. Negligence

Redjai's 12th cause of action alleged a negligence cause of action, claiming Nationstar breached its duty to exercise care and refrain from acting without legal

authority when it knowingly filed a defective default notice. The trial court found Redjai failed to allege a "specific relationship between the parties" that created a duty of care. Redjai contends "a special relationship is not required because a general duty of care was owed." Redjai alternatively contends "there is the presumption of a special relationship [because he alleged] Nationstar violated statutes which caused him harm and he was a member of the class that was intended to be protected."

Nationstar correctly notes that, "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1096.) Redjai's breach of duty contentions rest on arguments we rejected above. Beyond that, Redjai has failed to specify facts that would impose a duty of care on Nationstar. (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 68 ["'"[b]ecause of the exhaustive nature of [the nonjudicial foreclosure] scheme, California appellate courts have refused to read any additional requirements into the nonjudicial foreclosure statute"'"].)

In sum, the trial court correctly granted summary adjudication in favor of Nationstar on all of Redjai's causes of action. Accordingly, it follows the court also correctly denied Redjai's summary judgment motion on these same causes of action.

*F. Redjai Has Not Shown The Trial Court Abused Its Discretion on His Reconsideration Motion*

Finally, Redjai contends the trial court erred in denying his ex parte application for oral argument following the court's rulings granting Nationstar's second summary judgment motion and denying his summary judgment motion. We agree with Nationstar that Redjai "fail[ed] to address the requirement that a party moving for reconsideration must base their arguments on new or different facts, circumstances, or law." (See Code Civ. Proc., § 1008, subd. (a).) We further agree Redjai's "arguments

22

[we]re merely a summary of [his] prior arguments." The court did not abuse its discretion in denying the motion.

III

DISPOSITION

The judgment is affirmed. Nationstar is entitled to recover its costs on appeal.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

23